Ricky Allen DAUGHERTY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–07–00292–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 5, 2008.

Layton W. Duer, Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Bridget Holloway, Assistant District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, HANKS, and HIGLEY.

## OPINION

SAM NUCHIA, Justice.

Appellant Ricky Allen Daugherty was convicted by a jury of theft, a third degree felony because (1) the stolen property was valued at $1,500 or more, but less than $20,000, and (2) the owner of the property was elderly. *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4), (f) (Vernon Supp.2007). Appellant pleaded true to two enhancement paragraphs that he had two previous felony theft convictions, and the jury assessed punishment at life imprisonment. Appellant brings a single issue, challenging the admission of two extraneous offenses. We affirm.

Appellant and Edward Colson worked together in a scheme in which they solicited construction from elderly women. In

this case, appellant and Colson approached Nancy Perry to work on her house. Appellant introduced himself to Perry as Colson and convinced Perry to pay him $2,300 to work on her patio. The next day, appellant told Perry he needed more money, and she gave him a check for an additional $5,300. Appellant later told Perry that his daughter had accidently destroyed the check for $5,300, and she gave him a replacement check for $5,000. Perry later learned that all three checks had been cashed.

At trial, the State introduced testimony, over objection, from Beatrice Arwady and Naomi True, both of whom were approached by appellant to do construction work, gave appellant a check, and were told that appellant's daughter accidentally shredded the check. Appellant objected at trial, and argues on appeal, that the extraneous evidence was inadmissible under Texas Rule of Evidence 404(b): "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

The State argued at trial that "the defendant's knowledge or intent are relevant because he has pled not guilty, that we should have an opportunity to show through these offenses not as to his character but as to his knowledge and intent as we understand his defense to be not one of identity but one of intent." The State's argument is specifically authorized by Penal Code section 31.03(c)(1): "[E]vidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not guilty." TEX. PENAL CODE ANN. § 31.03(c)(1) (Vernon Supp.2007).

■ There were two bases for the admission of Arwady's and True's testimony:

Texas Rule of Evidence 404(b) and Penal Code section 31.03(c)(1). Appellant only challenged admission based on Rule 404(b). Because there is another, unchallenged, legal theory on which the trial court's ruling can be based, we do not reach appellant's Rule 404(b) argument. *See Martinez v. State,* 91 S.W.3d 331, 336 (Tex.Crim.App.2002) (stating appellate court may uphold trial court on any legal theory applicable to case).

■ Appellant also contends that the evidence was inadmissible under Texas Rule of Evidence 403 because it unfairly prejudiced appellant. While testimony admissible under Penal Code section 31.03(c)(1) could conceivably violate Rule 403, the legislature's adoption of section 31.03(c)(1) dictates that an exclusion under Rule 403 should be based only on some extraordinary reason. Here, appellant argues that True's testimony was specifically prejudicial because she said that appellant pulled up his shirt and exposed his stomach to her when she questioned his bill, which frightened her. Appellant did not object to this particular testimony, which goes beyond the scope of evidence otherwise admissible under section 31.03(c)(1). Accordingly, we need not decide whether it violated Rule 403 or was inadmissible for any other reason.

In this case, appellant objected on Rule 403 grounds in advance of the admission of any evidence. We hold that a general objection, made in advance, that evidence allowed under Penal Code section 31.03(c)(1) will nonetheless violate Texas Rule of Evidence 403, is insufficient to preserve error. *See* TEX.R.APP. P. 33.1(a) (discussing preservation of error).

We overrule appellant's issue and affirm the judgment of conviction.