NO. 07-06-0466-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 15, 2008

_____


NATASHA MARIE HELLER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 17,957-A; HON. HAL MINER, PRESIDING

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.


**OPINION**


Appellant Natasha Marie Heller appeals her conviction by jury of the offense of aggravated assault and her resulting sentence of three years probation. Via one issue, appellant contends that the trial court abused its discretion when it permitted trial testimony to be read to the jury during deliberations. Finding no abuse of discretion, we affirm.

Background

At trial, evidence showed that appellant was a participant in a fight that involved, among others, one John Andrews. Appellant pulled a knife and made threats during the altercation.

During jury deliberations on guilt or innocence, the jury sent the trial judge a note requesting a transcript of Andrews' testimony. The parties and the trial court agreed that the proper response was that such a request does not certify disagreement as to a particular point in the testimony of a witness and thus the testimony would not be provided. The jury sent a second note stating "the particular part of his testimony where he states that she pulled the knife out on him and made her verbal threat." Again, the parties and the court agreed that the jury had not indicated an actual disagreement on a particular point. After the court framed its response indicating that "a disagreement as to a particular point" is required, the jury sent a third note, stating "[w]e are disagreeing on his testimony in court as to what he said when he saw her pull the knife and threatened him. As opposed to what we have heard on the 911 Tape."

The trial judge read the third note to the State and appellant's counsel and read the testimony he planned to read back to the jury. Following the trial judge's explanation, appellant's counsel stated "That's fine, Your Honor." The judge then read to the jury the indicated portion of Andrews' testimony. Thereafter, the jury returned a verdict of guilt as alleged in the indictment. Following presentation of punishment evidence, the jury assessed the noted punishment. This appeal followed.

Analysis

By her sole issue on appeal, appellant contends that the trial court abused its discretion when it permitted trial testimony to be read to the jury during deliberations. We disagree.

Article 36.28 of the Texas Code of Criminal Procedure provides, in pertinent part: "In the trial of a criminal case in a court of record, if the jury disagrees as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other . . . ." Tex. Code Crim. Proc. Ann. art. 36.28 (Vernon 2006). The Court of Criminal Appeals has found the statute to be clear that the jury must disagree about a specified part of testimony before the statement of a witness may be read to them, and has held the disagreement must be made known to the trial judge in order for the judge to determine the request is proper and what testimony is in dispute. *Howell v. State,* 175 S.W.3d 786, 790 (Tex.Crim.App. 2005)*; Moore v. State,* 874 S.W.2d 671, 673 (Tex.Crim.App. 1994), *citing Iness v. State,* 606 S.W.2d 306, 314 (Tex.Crim.App. 1980). A simple request for testimony does not, by itself, reflect disagreement, implicit or express, and is not a proper request under article 36.28.

At the outset, we note that appellant failed to timely and properly object to the reading of Andrews' testimony. Complaints about error in the reading of trial testimony must be preserved by objection at the time of the reading. *Hollins v. State,* 805 S.W.2d 475, 476 (Tex.Crim.App. 1991). As we have noted, far from objecting, appellant told the court its

planned course of action was "fine." And the record reflects no objection by appellant when the testimony was read by the court. Appellant's issue on appeal presents nothing for our review.

Moreover, we find no error on the part of the trial court in reading back the testimony. A trial court's determination as to whether a factual dispute exists between jurors is reviewed for an abuse of discretion. *Robison v. State,* 888 S.W.2d 473, 480 (Tex.Crim.App. 1994). An abuse of discretion occurs when the trial court's decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990) (op. on reh'g). An appellate court should not disturb a trial judge's decision under article 36.28 unless a clear abuse of discretion and harm are shown. *Brown v. State,* 870 S.W.2d 53, 56 (Tex.Crim.App. 1994), *citing Jones v. State,* 706 S.W.2d 664, 668 (Tex.Crim.App. 1986).

Appellant contends that the court abused its discretion in reading back the testimony because the three notes from the jury fail to show a disagreement about the testimony itself; instead, appellant argues, the notes indicate the jury was attempting to "sort through different statements made by John Andrews." We understand appellant to be referring to the language in the third note indicating the jury was disagreeing on Andrews' testimony "as opposed to the statement on the 911 tape." We see the distinction appellant is drawing, but we do not agree it demonstrates an abuse of discretion in the trial court's ruling. *See Howell*, 175 S.W.3d at 793 (noting article 36.28 requires that the jury disagree, but does not require that the jury use any particular words to express its disagreement).

Like the trial court in *Robison*, the court here was presented with a series of three requests by the jury. And, like the court there, we find the trial court was "properly cautious" to observe the competing concerns reflected in article 36.28. *Robinson,* 888 S.W.2d at 481.[1] The record reflects the court discussed with counsel its proposed response to the jury's first two notes, explaining that reading of testimony was proper only if jurors were in disagreement about the requested testimony. The third note expressly told the court jurors were disagreeing on Andrews' testimony "as to what he said when he saw her pull the knife and threatened him." The court did not abuse its discretion by reading that portion of the testimony.

Accordingly, we overrule appellant's issue and affirm the trial court's judgment.

James T. Campbell
Justice

Publish.

---

[1] *Robison* identified the competing concerns (1) that the court not comment on the evidence; but (2) that the jury have the means to resolve any factual disputes among its members. *Robison,* 888 S.W.2d at 480. *See also Howell*, 175 S.W.3d at 790 (reiterating same concerns).