# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00740-CR

**Edmond Tausch, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CALDWELL COUNTY, 421ST JUDICIAL DISTRICT
### NO. 2011-034, HONORABLE TODD A. BLOMERTH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Edmond Tausch of the offense of theft by check. *See* Tex. Penal Code Ann. § 31.03 (West Supp. 2011). Punishment was assessed at two years' confinement in state jail, but the district court suspended imposition of the sentence and placed Tausch on community supervision for five years. In five points of error on appeal, Tausch asserts that the district court abused its discretion by: (1) limiting Tausch's voir dire examination of a prospective juror; (2) denying Tausch's request for a contemporaneous limiting instruction upon the admission of extraneous-offense evidence; (3) overruling Tausch's objection to the admissibility of extraneous-offense evidence; (4) during jury deliberations, refusing to read back certain testimony to the jury; and (5) refusing to afford Tausch a hearing in which to challenge the amount of restitution ordered. We will affirm the judgment of conviction.

**BACKGROUND**

The jury heard evidence that in the time period between May 4, 2010 and June 8, 2010, Tausch, who owns and operates a trucking business, wrote twenty-two checks to a gas station owned and operated by Mo Moghadassi in exchange for diesel fuel and other products and services. The checks, which totaled $10,444.96 in amount, were returned to Moghadassi by his bank for insufficient funds. After his private attempts to secure payment from Tausch failed, Moghadassi referred the matter to the Caldwell County Criminal District Attorney's Office. Janice Benbow, the office's "hot check coordinator," testified that she had attempted to work with Tausch to arrange for reimbursement. According to Benbow, she had previously dealt with Tausch on two other "hot check" cases. In both cases, Benbow explained, Tausch had eventually paid the amounts owed. In this case, however, Tausch had insisted that he could not afford to reimburse the complainant and, as a result, these charges were subsequently filed against him.

Tausch testified in his defense and claimed that he had an oral agreement with Moghadassi regarding the checks. According to Tausch, Moghaddassi had agreed to "hold" Tausch's checks until Tausch had obtained payment from his customers and could afford to make payment, at which time Tausch would inform Moghadassi to deposit the checks in a batch. However, Moghadassi denied that any such agreement existed. Tausch also claimed that he was in bankruptcy and that was why he could not afford to reimburse Moghadassi.

The jury found Tausch guilty as charged, and the district court assessed punishment as noted above. This appeal followed.

## ANALYSIS

**Voir dire**

In his first point of error, Tausch asserts that the district court abused its discretion in limiting his voir dire examination of a prospective juror. The relevant portion of the examination is the following:

> [Defense counsel]: You're not automatically saying Mr. Tausch is guilty, are you?
>
> [Prospective juror]: Well, did he—if he's the one that wrote the checks that [were] hot, he would be guilty.
>
> . . . .
>
> [Defense counsel]: Okay. . . . I want to thank you for that comment because, again, this is where we get into how it's not so cut and dried. The issue here is not whether he wrote a check that didn't pass. It's whether he had the intent to defraud the person who was writing the check to—
>
> [Prosecutor]: Objection, that's a misstatement of law, Your Honor.
>
> [The Court]: Sustained, counsel.
>
> [Defense counsel]: Okay.
>
> [The Court]: Please go with the definitions as required.
>
> [Defense counsel]: All right, Your Honor.

Tausch claims that counsel's statement concerning whether Tausch had an "intent to defraud" was a correct recitation of the law and should have been allowed. The State responds that counsel misstated the intent element of the offense and that, therefore, the district court's limitation was proper.

3

When an appellant challenges a trial court's voir dire limitation, the reviewing court must analyze the claim under an abuse of discretion standard, the focus of which is whether the appellant proffered a proper question. *Rhoades v. State*, 934 S.W.2d 113, 118-19 (Tex. Crim. App. 1996). A trial court abuses its discretion only if it prohibits defense counsel from asking "proper" voir dire questions. *Id*. at 118. Conversely, "a trial court commits no error if it precludes improper voir dire questioning." *Id*. A "proper" question is one which seeks to discover a veniremember's views on an issue applicable to the case. *Id*. "The right to ask proper questions does not include the right to misstate the law." *Powell v. State*, 897 S.W.2d 307, 312 (Tex. Crim. App. 1994), *overruled on other grounds*, *Prystash v. State*, 3 S.W.3d 522 (Tex. Crim. App. 1999).

As an initial matter, we observe that it does not appear as if Tausch has preserved error on this point. To preserve error in the limitation of voir dire, a defendant must show that he was prevented from asking particular questions that were proper. *Sells v. State*, 121 S.W.3d 748, 756 (Tex. Crim. App. 2003). That the trial court generally disapproved of an area of inquiry from which proper questions could have been formulated is not enough because the trial court might have allowed the proper question had it been submitted for the court's consideration. *Id*. Tausch claims in his brief that his statement on intent "formed the basis for a follow-up question on whether [the juror] could follow the law before finding a defendant guilty." However, Tausch never proposed this particular question to the district court, and therefore never obtained a ruling from the district court on whether the follow-up question that he had intended to ask was proper. Accordingly, any error was waived. *See* Tex. R. App. P. 33.1; *Sells*, 121 S.W.3d at 756.

Moreover, even if error had been preserved, we could not conclude on this record that the district court abused its discretion in sustaining the State's objection to counsel's statement. As

charged, a person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of property. Tex. Penal Code Ann. § 31.03(a). There is no additional requirement in the statute that the person have an "intent to defraud" the owner. Thus, it would not be outside the zone of reasonable disagreement for the district court to conclude that counsel was misstating the law and to prohibit counsel from doing so. *See Powell*, 897 S.W.2d at 313. We overrule Tausch's first point.

**Extraneous-offense issues**

In his second point, Tausch claims that the district court abused its discretion in denying his request for a contemporaneous limiting instruction following the admission of extraneous-offense evidence. In his third point, Tausch asserts that the district court abused its discretion in admitting evidence of extraneous offenses.

Part of the State's case against Tausch was that he had a recent history of writing hot checks. The theft statute expressly allows for the admission of such extraneous-offense evidence for certain purposes: "[E]vidence that the actor has previously participated in recent transactions other than, but similar to, that which the prosecution is based is admissible for the purpose of showing knowledge or intent and the issues of knowledge or intent are raised by the actor's plea of not guilty." Tex. Penal Code Ann. § 31.03(c)(1). This statutory provision is similar to rule of evidence 404(b), which provides that extraneous-offense evidence, although generally inadmissible, is admissible for purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Tex. R. Evid. 404(b).

Tausch does not dispute that the evidence was admissible for such purposes. However, in a hearing outside the presence of the jury, he objected to the admission of this evidence

5

on the ground that it was more prejudicial than probative. *See* Tex. R. Evid. 403. The district court overruled Tausch's objection. At the same hearing, Tausch also requested that the district court provide a contemporaneous limiting instruction to the jury at the time the evidence was admitted, instructing the jury to limit its consideration of the evidence for only admissible purposes. *See* Tex. R. Evid. 105(a). The district court denied the request, but agreed to include a limiting instruction in the jury charge. We proceed to address the merits of both complaints.[1]

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *Ramos v. State*, 245 S.W.3d 410, 417-18 (Tex. Crim. App. 2008). A trial court abuses its discretion only when its decision "is so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *McDonald v. State*, 179 S.W.3d 571, 576 (Tex. Crim. App. 2005) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g)).

Rule 403 allows for the exclusion of otherwise relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. "The term 'probative value' refers to the inherent probative force of an item of evidence—that is, how

---

[1] The State asserts that Tausch failed to preserve error on either complaint because he did not object to the admission of the evidence each time it was offered, nor did he request a contemporaneous limiting instruction at the time the evidence was admitted. However, it is well settled that when a party obtains a ruling from the trial court on his objections to evidence in a hearing outside the presence of the jury, he need not renew his objection each time the evidence is offered. *See Geuder v. State*, 115 S.W.3d 11, 15 (Tex. Crim. App. 2003); *Ethington v. State*, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991); *see also* Tex. R. Evid. 103(a)(1) ("When the court hears objections to offered evidence out of the presence of the jury and rules that such evidence be admitted, such objections shall be deemed to apply to such evidence when it is admitted before the jury without the necessity of repeating those objections."); *Hammock v. State*, 46 S.W.3d 889, 895 (Tex. Crim. App. 2001) (to preserve error on failure to provide contemporaneous limiting instruction, appellant must request instruction "when he first had the opportunity to do so"). Here, Tausch obtained an adverse ruling from the district court on both his Rule 403 objection and his request for a contemporaneous limiting instruction in a hearing outside the presence of the jury. Accordingly, Tausch has preserved his complaints for review. *See Grant v. State*, 247 S.W.3d 360, 366 n.4 (Tex. App.—Austin 2008, pet. ref'd).

strongly it serves to make more or less probable the existence of a fact of consequence to the litigation—coupled with the proponent's need for that item of evidence." *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010) (citing *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007)). "'Unfair prejudice' refers to a tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id*.

Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial. *Davis*, 329 S.W.3d at 806; *Young v. State*, 283 S.W.3d 854, 876 (Tex. Crim. App. 2009). Further, Rule 403 does not require exclusion of evidence simply because it creates prejudice; the prejudice must be "unfair." *Martinez v. State*, 327 S.W.3d 727, 737 (Tex. Crim. App. 2010); *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). The rule envisions exclusion of evidence only when there is a clear disparity between the degree of prejudice of the offered evidence and its probative value. *Gaytan v. State*, 331 S.W.3d 218, 227 (Tex. App.—Austin 2011, pet. ref'd) (citing *Hammer v. State*, 296 S.W.3d 555, 568 (Tex. Crim. App. 2009)); *see also Daugherty v. State*, 260 S.W.3d 161, 162 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) ("While testimony admissible under Penal Code section 31.03(c)(1) could conceivably violate Rule 403, the legislature's adoption of section 31.03(c)(1) dictates that an exclusion under Rule 403 should be based only on some extraordinary reason.").

"A trial court, when undertaking a Rule 403 analysis, must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative

7

force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted." *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006). "[T]hese factors may well blend together in practice." *Id*. at 642.

Here, it would not have been outside the zone of reasonable disagreement for the district court to conclude that the probative value of the evidence was high—the other hot-check cases were recent, occurring less than one year prior to the current case, and, like the current case, were related to Tausch's business dealings. Thus, the trial court could have reasonably concluded that the other cases provided important background information on Tausch's recent financial history that illuminated such issues as his knowledge, intent, absence of mistake, and also defensive issues such as Tausch's claim that he could not currently afford to reimburse the complainant. It also would not have been outside the zone of reasonable disagreement for the district court to conclude that the probative value of the evidence was not "substantially outweighed" by the danger of "unfair" prejudice—the other cases were eventually dismissed or not pursued because Tausch ultimately paid the amounts owed, the evidence did not consume an inordinate amount of time during trial (the prior cases were discussed by Benbow and Tausch in their testimony only briefly), and, the district court could have reasonably found, the prior hot-check cases did not involve the type of "emotional" evidence that could have a tendency to impress the jury in some "irrational yet indelible way." Thus, on this record, we cannot conclude that the district court abused its discretion in overruling Tausch's Rule 403 objection.

We next address Tausch's request for a contemporaneous limiting instruction. When evidence which is admissible for one purpose but not admissible for another purpose is admitted,

8

"the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." Tex. R. Evid. 105(a). Such an instruction, if properly requested, must be given at the time the evidence is admitted; trial courts do not have discretion to deliver the instruction to the jury at a later time, because by that time, the jury may have already considered the evidence for an inadmissible purpose. *See Rankin v. State*, 974 S.W.2d 707, 712 (Tex. Crim. App. 1996).

Assuming without deciding that the district court erred in refusing Tausch's request for a contemporaneous limiting instruction, Tausch is not entitled to reversal of his conviction unless the record demonstrates that he was harmed by the alleged error. *See Jones v. State*, 944 S.W.2d 642, 653-54 (Tex. Crim. App. 1996). "We apply the standard set out in Rule 44.2(b) to non-constitutional errors." *Rankin v. State*, 995 S.W.2d 210, 215 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). Under this standard, we must disregard the error unless it affected Tausch's substantial rights. Tex. R. App. P. 44.2(b). A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has a fair assurance that the error did not influence the jury, or had but a slight effect. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

This was a case in which the defendant acknowledged in his testimony that he had written twenty-two checks to the complainant for products and services, that he had used those products and services for his business, and that, at the time he wrote the checks, he did not have sufficient funds in his bank account to cover the amount of the checks. In other words, Tausch admitted that he knew he could not afford to pay the checks he had written, and his defensive theory

was that the complainant had agreed to an arrangement with Tausch in which the complainant would defer depositing the checks until Tausch could afford to pay them. The other hot-check cases did not implicate that issue. And, as we have already explained, the extraneous offenses were only discussed by the witnesses briefly during trial, and they were not emphasized by the State during its arguments. Instead, the vast majority of the trial was focused on the current charges. Thus, this was not a case in which any improper consideration of the extraneous offenses would have a substantial and injurious effect or influence in determining the jury's verdict. We also observe that the jury was provided with an appropriate limiting instruction in the jury charge, which "reduced the risk the jury might misuse the evidence during jury deliberations." *Jones*, 944 S.W.2d at 654; *see Martin v. State*, 176 S.W.3d 887, 906 (Tex. App.—Fort Worth 2005, no pet.); *Lemmons v. State*, 75 S.W.3d 513, 525 (Tex. App.—San Antonio 2002, pet. ref'd); *Rankin*, 995 S.W.2d at 215. There is nothing in the record to suggest that the jury disregarded the instruction during its deliberations. We overrule Tausch's second and third points.

**Jury deliberations**

In his fourth point of error, Tausch asserts that the district court abused its discretion in refusing to read back certain testimony to the jury during its deliberations. The State responds that the district court properly read back only the testimony to which the jury certified they had a disagreement.

In the trial of a criminal case, if the jurors disagree "as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, *and no other*." Tex. Code Crim. Proc. Ann. art. 36.28 (West 2006) (emphasis added). An appellate court should not disturb a trial judge's

10

decision under article 36.28 unless a clear abuse of discretion and harm are shown. *Brown v. State*, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994) (citing *Jones v. State*, 706 S.W.2d 664, 668 (Tex. Crim. App. 1986)); *Heller v. State*, 279 S.W.3d 823, 825 (Tex. App.—Amarillo 2008, no pet.). An abuse of discretion occurs when the trial court's decision is so clearly wrong as to lie outside the zone of reasonable disagreement. *Montgomery*, 810 S.W.2d at 380; *Heller*, 279 S.W.3d at 825.

During its deliberations, the jurors certified that they disagreed as to the following: "Regarding the date of around May or June 2010 as to Mr. Tausch calling Mo to instruct Mo to release an amount of money to deposit." In response, the district court read back the following testimony to the jury:

Q:      Why don't you take a minute to refresh your memory.

A:      Okay.

Q:      Do you remember when these checks of yours were cashed in blocks?

A:      Yes. On 5/26. He—or a couple of days before that, I called and told him he could do X amount of dollars worth. He did that amount. And then there was an occasion after that in—I think it was June the 10th. I'm not positive of the date. But there was like $5,000 worth of checks he deposited all at one time.

Q:      Did you tell him to do that?

A:      Yes, I did. And that's what our agreement was that, you know, he would hold the checks until I called him to tell him he could deposit them.

Tausch argues that the read-back should have included earlier testimony in which he had testified that prior checks had been deposited by Moghadassi in April and early May. However, in its certification, the jury was asking for a singular date, "around May or June 2010," when Tausch "called [Moghadassi] to instruct [Moghadassi] to release an amount of money to deposit." The

11

testimony read back to the jury referred to such a date, May 26. It would not be outside the zone of reasonable disagreement for the district court to conclude that reading back additional testimony that referred to other, earlier dates not specified in the certification would go beyond the scope of the jury's disagreement. Accordingly, we cannot conclude that the district court abused its discretion in limiting the testimony read back to the jury. We overrule Tausch's fourth point.

**Restitution**

At sentencing, the district court ordered restitution in the amount of $12,359.96. This amount represents $10,444.96 in unpaid checks, $660.00 in merchant fees, and $1,255.00 in processing fees incurred by the District Attorney's Office.[2] In his fifth point of error, Tausch asserts that the district court abused its discretion in refusing to afford Tausch a hearing in which to challenge the amount of restitution ordered. Tausch claims that if a hearing would have been held, he would have challenged the appropriateness of including the District Attorney's fees and the merchant fees in the restitution order.

These specific complaints were never brought to the district court's attention. After the district court announced the sentence, Tausch stated, "Your Honor, we did have some issues on the restitution, and it is mostly relating to his ability to pay, but also the other factors listed in the statute."[3] The district court responded as follows:

---

[2] An itemization of these amounts for each check that Tausch had written was admitted into evidence without objection as State's Exhibit 26.

[3] This was an apparent reference to the restitution statute. *See* Tex. Code Crim. Proc. Ann. art. 42.037 (West Supp. 2012). However, Tausch never specified the statutory factors to which he was referring.

12

That's going to be the restitution. I'm not going to give him a hearing on it. That's the order. His ability to pay is an issue that's dealt with through the probation department, and that can be dealt with as part of the terms and conditions of probation. But—so you don't discharge criminal allegations in bankruptcy court. I don't care what you say, sir, that's not the way it works. So that's the order of the Court.

Tausch said nothing in response. At no point later in the hearing did Tausch return to the subject of restitution, and he never objected to the district court's decision to not hold a hearing on the matter. Nor did he file a motion for new trial raising any complaints regarding the restitution order.

"If a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly."[4] *Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002). Tausch failed to do so, specifically mentioning only his "ability to pay."[5] No other specific complaint was raised, including any complaints relating to the district court's refusal to hold a restitution hearing. Instead, Tausch made only a vague reference to "the other factors listed in the statute." Accordingly, we conclude that Tausch has failed to preserve error on his complaints. *See* Tex. R. App. P. 33.1;

---

[4] A complaint that there is no factual basis in the record to support the restitution order is a challenge to the sufficiency of the evidence supporting the order, which can be raised for the first time on appeal. *See Mayer v. State*, 309 S.W.3d 552, 554-55 (Tex. Crim. App. 2010). However, we do not construe Tausch's point on appeal as challenging the sufficiency of the evidence, as he does not argue that there is no evidence in the record to support the restitution order. *Cf. id.* (court construed point on appeal as sufficiency challenge when appellant argued that record was "devoid of any evidence" of how attorney's fees were calculated); *Barton v. State*, 21 S.W.3d 287, 288 (Tex. Crim. App. 2000) (appellant argued there was no factual basis in record to support trial court's restitution award); *Cartwright v. State*, 605 S.W.2d 287, 288 (Tex. Crim. App. 1980) (appellant argued that there was "no probative evidence to support" amount of restitution ordered).

[5] Tausch makes no complaint on appeal regarding his ability to pay.

13

*Idowu*, 73 S.W.3d at 923; *Leon v. State*, 102 S.W.3d 776, 786 (Tex. App.—Houston [14th Dist.] 2003, no pet.).  We overrule Tausch's fifth point.**⁶**

**CONCLUSION**

We affirm the judgment of the district court.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 15, 2012

Do Not Publish

_____

**⁶** In its brief, the State does not address the failure of Tausch to preserve error but instead agrees with Tausch that it was inappropriate for the restitution order to include the District Attorney's fees.  The State asks us to modify the judgment to delete the District Attorney's fees from the amount of the restitution order.  However, "preservation of error is a systemic requirement that must be reviewed by the court of appeals regardless of whether the issue is raised by the parties." *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005).  If an issue has not been preserved for appeal, we should not address the merits of that issue. *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009); *see also Saldano v. State*, 70 S.W.3d 873, 887-91 (Tex. Crim. App. 2002) (explaining importance of error preservation and concluding that State's "confession of error" on appeal in absence of preservation in trial court "is contrary to our state's procedural law for presenting a claim on appeal").  We could not remove the District Attorney's fees from the restitution order without first addressing the merits of Tausch's complaints, which we cannot do in the absence of a specific objection to the appropriateness of including those fees in the restitution order. *See* Tex. R. App. P. 33.1; *see also Saldano*, 70 S.W.3d at 884 (explaining that prosecutor's "confession of error . . . in a criminal case is important, but not conclusive, in deciding an appeal" and that reviewing court must still conduct "an independent examination of the merits of the claim of error").

14