**Marvin Demetrice IVEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–00490–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 6, 2000.

Hattie Sewell Mason, Bellaire, for Appellant.

Julie Klibert, John B. Holmes, Houston, State.

Panel consists of Justices O'CONNOR, NUCHIA, and DUGGAN.[1]

## OPINION

MICHOL O'CONNOR, Justice.

A jury found Marvin Demetrice Ivey, the appellant, guilty of sexual assault and assessed punishment at 7 years imprisonment with a recommendation of community supervision. In one point of error, the appellant claims the conditions of his community supervision are unreasonable. We affirm.

### Conditions of Community Supervision

The appellant contends the trial court abused its discretion by imposing probationary conditions that were not reasonable. The conditions imposed on appellant included 180 days in the Harris County Jail; completion of a 90–day boot camp program; entry into the sex offender case load; submission to electronic monitoring; 800 hours of community service; psychological counseling for sex offenders; completion of his GED; registration as a sex offender; submission of a blood sample for DNA testing; addition into the DNA library. Additionally, the appellant could neither contact the complainant nor travel outside of Harris County without prior approval of the court.

At the sentencing hearing, the trial court explained to the appellant the conditions of the community supervision. The explanation was lengthy, and the trial court stressed that the appellant understand each condition. At the end of the sentencing, the trial court asked the appellant, "All right, any questions for me of what's expected of you?" The appellant responded, "No, ma'am." The appellant then signed a written version of the conditions. Although both the appellant and his attorney were present at the sentencing hearing, they did not object to any of the conditions of the appellant's community supervision.

The appellant argues that, although he did not object to the conditions at the hearing, he can challenge defects in his sentencing for the first time on appeal.

The State argues error was not preserved. Citing *Speth v. State*, 6 S.W.3d 530 (Tex.Crim.App.1999), the State claims the appellant may not complain of conditions of community supervision if he made no objection at the trial level. In *Speth*, the sole issue was whether an appellant may challenge conditions of his community supervision for the first time on appeal. The Court held as follows:

> Appellant did not object at trial to the imposition of the conditions. The Court of Appeals erred in holding appellant could complain about the community supervision conditions for the first time on appeal.

*Id.* at 535.

Here, as in *Speth*, the appellant did not timely object to the terms of his community supervision. As a result, error was not preserved. Tex.R.App. P. 33.1(a); *Teague v. State*, 864 S.W.2d 505, 510 (Tex.Crim. App.1993). We overrule point of error one.

We affirm the trial court's judgment.

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.