Affirmed and Memorandum Opinion filed October 7, 2003














Affirmed and
Memorandum Opinion filed October 7, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00933-CR

_______________

 

EMIL LIONEL
WILLIAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________________

 

On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 851,265

___________________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Emil Lionel Williams appeals a
conviction for felony arson[1] on
the ground that his 20-year sentence was not proportional to the offense
committed and thus constituted cruel and unusual punishment in violation of the
United States and Texas
Constitutions.[2]  We affirm. 

            To preserve a complaint for
appellate review, a party must present a timely objection to the trial
court.  Tex.
R. App. P. 33.1(a)(1).  In this
case, because appellant failed to object to his punishment in the trial court,
his complaint presents nothing for our review. 
See id.; see also Idowu v. State, 73 S.W.3d 918,
921 n.9 (Tex. Crim. App. 2002); Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim.
App. 1996).[3]

            In addition, the Eighth Amendment
does not require strict proportionality between crime and sentence; it only
forbids sentences that are grossly
disproportionate to the crime.  Ewing v. California, 123 S. Ct. 1179,
1186-87 (2003).  Moreover, the imposition
of a sentence within the statutory limits, as in this case,[4] is
generally not cruel and unusual punishment for purposes of the Texas
Constitution.  See Samuel v. State, 477
S.W.2d 611, 614 (Tex. Crim. App. 1972). 
Therefore, appellant’s first and second issues are overruled, and the
judgment of the trial court is affirmed.

 

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed October 7, 2003.

Panel
consists of Justices Yates, Edelman, and Guzman.

Do Not
Publish — Tex. R. App. P.
47.2(b).

 











[1]           After appellant initially pled no
contest, the trial court placed him on deferred adjudication community
supervision for three years.  Following
the State’s subsequent motion to adjudicate guilt, the trial court adjudged
appellant guilty and sentenced him to 20 years confinement.





[2]           See U.S. Const. amends. VIII, XIV; Tex.
Const. art. I, § 13.  





[3]           Even many constitutional rights may
be waived by a failure to make a timely and specific objection.  See
Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim.
App. 1995).





[4]           Arson is a second degree felony
punishable by imprisonment for a term of two to twenty years and a fine not to
exceed $10,000.  See Tex. Pen. Code Ann.
§§ 12.33, 28.02 (Vernon 2003).