**In the Matter of D.D.H.**

**No. 09–04–030–CV.**

Court of Appeals of Texas, Beaumont.

Submitted July 22, 2004.

Decided Aug. 26, 2004.

Brent Dornburg, Riley, Walker & Dornburg, LLP, Conroe, for appellant.

David K. Walker, County Attorney, Carolyn M. Atkinson, Asst. County Atty., Conroe, for appellee.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

A jury found that D.D.H., a juvenile, engaged in delinquent conduct by committing a burglary of a habitation. The trial court placed D.D.H. on probation for two years. In a separate order, the trial court ordered D.D.H.'s parents to pay restitution in the amount of $5,000. D.D.H. appealed. Only the restitution order is challenged on appeal.

D.D.H. contends that he was ordered to pay restitution as a condition of probation. Neither the written orders in the clerk's record nor the oral pronouncements in the reporter's record support this argument. The trial court stated in open court that

the restitution was to be paid by the parents. The probation order contains twenty conditions of probation, none of which concern payment of restitution. The order for payment of fees is directed solely to the parents of D.D.H., neither of whom appealed.[1]

Although the State does not question the minor's standing to assert this issue on appeal, we question whether he is the proper party to challenge the restitution order. D.D.H. argues "[t]he $5,000 restitution ordered by the trial court is erroneous and without any factual basis in the record." Assuming for the sake of argument that D.D.H. may assert a due process challenge to the factual basis of the order for payment of restitution by a third party, the amount of restitution ordered by the judge is supported by the record. The victim testified that the personal property stolen in the burglary included a $200 DVD player, approximately 25 Playstation games worth $25–$60 each, a $100 telephone/answering machine, a $15 memory card, about 15 DVD movies worth $15–$25 each, and a $25 pocket knife. In addition, a $100 stereo was destroyed in the burglary. The victim testified that she obtained a $4,417.00 bid to repair the damage to her home resulting from the breaking into the habitation and from extensive vandalism to the interior of the home committed in the course of the burglary. The estimate was admitted into evidence. The only line item challenged by the defense was the $159 charge for replacing the door, as opposed to replacing the broken glass pane in the existing door. On cross-examination, the victim admitted that she did not know if the $1,300 charge for carpet was for carpet of identical quality to that ruined by the appellant. Although D.D.H. testified that Playstation games cost $10–$20 each, the trial court could have found the victim's testimony to be credible. The victim's actual damages were, according to her testimony, at least $5,423. We conclude that the restitution order had a factual basis and thus complied with due process. *See Idowu v. State,* 73 S.W.3d 918, 922 n. 11 (Tex.Crim.App.2002) ("Under our precedent, the amount of restitution ordered must be 'just,' it must have a factual basis in the record, and it must compensate the victim."). The sole issue presented in this appeal is overruled. The judgment of the trial court is affirmed.

AFFIRMED.

1. Under Family Code Section 61.004, the parents' appeal from a Section 54.041(b) restitution order runs independent of the proceedings against the juvenile. Tex. Fam.Code Ann. § 61.004 (Vernon Supp.2004). Section 61.004 applies to cases in which the conduct occurred on or after September 1, 2003. *See* Act of June 2, 2003, 78th Leg., R.S., Ch. 283, §§ 28, 62, 2003 Tex. Gen. Laws 1221, 1231, 1245. Because neither parent filed notice of appeal, we do not decide whether D.D.H.'s parents could have appealed under Section 61.004 or under the law in effect before September 1, 2003.