In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-030 CV


____________________



In the Matter of D.D.H.







On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 03-07-05195 JV






OPINION


 A jury found that D.D.H., a juvenile, engaged in delinquent conduct by committing
a burglary of a habitation. The trial court placed D.D.H. on probation for two years. In
a separate order, the trial court ordered D.D.H.'s parents to pay restitution in the amount
of $5,000. D.D.H. appealed. Only the restitution order is challenged on appeal. 

 D.D.H. contends that he was ordered to pay restitution as a condition of probation. 
Neither the written orders in the clerk's record nor the oral pronouncements in the
reporter's record support this argument. The trial court stated in open court that the
restitution was to be paid by the parents. The probation order contains twenty conditions
of probation, none of which concern payment of restitution. The order for payment of fees
is directed solely to the parents of D.D.H., neither of whom appealed. (1) 

 Although the State does not question the minor's standing to assert this issue on
appeal, we question whether he is the proper party to challenge the restitution order.
D.D.H. argues "[t]he $5,000 restitution ordered by the trial court is erroneous and without
any factual basis in the record." Assuming for the sake of argument that D.D.H. may
assert a due process challenge to the factual basis of the order for payment of restitution
by a third party, the amount of restitution ordered by the judge is supported by the record. 
The victim testified that the personal property stolen in the burglary included a $200 DVD
player, approximately 25 Playstation games worth $25-$60 each, a $100
telephone/answering machine, a $15 memory card, about 15 DVD movies worth $15-$25
each, and a $25 pocket knife. In addition, a $100 stereo was destroyed in the burglary. 
The victim testified that she obtained a $4,417.00 bid to repair the damage to her home
resulting from the breaking into the habitation and from extensive vandalism to the interior
of the home committed in the course of the burglary. The estimate was admitted into
evidence. The only line item challenged by the defense was the $159 charge for replacing
the door, as opposed to replacing the broken glass pane in the existing door. On cross-examination, the victim admitted that she did not know if the $1,300 charge for carpet was
for carpet of identical quality to that ruined by the appellant. Although D.D.H. testified
that Playstation games cost $10-$20 each, the trial court could have found the victim's
testimony to be credible. The victim's actual damages were, according to her testimony,
at least $5,423. We conclude that the restitution order had a factual basis and thus
complied with due process. See Idowu v. State, 73 S.W.3d 918, 922 n.11 (Tex. Crim.
App. 2002) ("Under our precedent, the amount of restitution ordered must be 'just,' it
must have a factual basis in the record, and it must compensate the victim."). The sole
issue presented in this appeal is overruled. The judgment of the trial court is affirmed.

 AFFIRMED.



 ______________________________

 STEVE MCKEITHEN

 Chief Justice

Submitted on July 22, 2004

Opinion Delivered August 26, 2004


Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Under Family Code Section 61.004, the parents' appeal from a Section 54.041(b)
restitution order runs independent of the proceedings against the juvenile. Tex. Fam.
Code Ann. § 61.004 (Vernon Supp. 2004). Section 61.004 applies to cases in which the
conduct occurred on or after September 1, 2003. See Act of June 2, 2003, 78th Leg.,
R.S., Ch. 283, §§ 28, 62, 2003 Tex. Gen. Laws 1221, 1231, 1245. Because neither
parent filed notice of appeal, we do not decide whether D.D.H.'s parents could have
appealed under Section 61.004 or under the law in effect before September 1, 2003.