

# NUMBER 13-11-00264-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI–EDINBURG

KAREN CATOB,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

### On appeal from the 24th District Court
### of Goliad County, Texas

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Karen Catob, appeals the trial court's judgment revoking her community supervision. In the underlying case, pursuant to a plea-bargain agreement, appellant pleaded guilty to aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02 (West 1994). Pursuant to the plea agreement, the

trial court deferred adjudication of guilt, placed appellant on community supervision for a period of ten years, and ordered appellant to pay the victim restitution. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037 (West Supp. 2010) (authorizing a convicting court to order a defendant to make restitution to the victim of an offense).

The State subsequently moved to adjudicate guilt and revoke appellant's community supervision, alleging she violated conditions of her community supervision. At the revocation hearing, appellant pleaded true to the community-supervision violations and the trial court received evidence. The trial court revoked appellant's community supervision, adjudicated guilt, sentenced appellant to a term of ten years of confinement in the Texas Department of Criminal Justice, Institutional Division, and ordered her to pay $86,759.18 in restitution.

By a single issue, appellant argues her ten-year prison sentence violates her due-process right under the United States Constitution to receive a sentence which is "not more than necessary to accomplish all of the objectives of the Texas Penal Code." *See* U.S. CONST. amend. XIV; TEX. PENAL CODE ANN. § 1.02 (West 2006) (setting forth objectives of the Texas Penal Code). Appellant states in her brief that "this argument is foreclosed under current law but raises it in an adversarial fashion for purposes of preserving error for possible further review." We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The record shows appellant struck the complainant with a car in 1997. The complainant was seriously injured. Under the terms of appellant's plea agreement with the State, she was required to pay the complainant $100,000 in restitution. In its

December 2000 deferred-adjudication order, the trial court ordered that the restitution be paid at a rate of $1,640 per month. However, the record shows that by the time of the revocation hearing, appellant had violated the conditions of her community supervision numerous times[1] and had only paid the complainant approximately $13,000 in restitution. Evidence at the revocation hearing showed that appellant told a community-supervision officer that paying the restitution was "ridiculous," so she just paid a little every month to avoid having her community supervision revoked.

## II. ANALYSIS

Emphasizing that she suffers from bipolar and "manic psychiatric disorders," appellant argues the sentence the trial court imposed is harsher than necessary to satisfy all of the objectives of the Texas Penal Code and that the sentence therefore violates her federal constitutional right to due process. *See* U.S. CONST. amend. XIV; TEX. PENAL CODE ANN. § 1.02. Specifically, appellant argues a two-year prison sentence would have been sufficient in this case. *See* TEX. PENAL CODE ANN. § 12.33(a) (West 2011) (providing the applicable punishment range for a second-degree felony is imprisonment for between two and twenty years). Appellant did not raise this objection to the sentence in the trial court, and the issue has not been preserved for appellate review. *See* TEX. R. APP. P. 33.1(a); *see also Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002) (holding complaint about appropriateness of restitution order was not preserved for appellate review); *Temple v. State*, 342 S.W.3d 572, 593 n.4 (Tex. App.—Houston [14th

---

[1] The record shows appellant violated her community-supervision conditions by possessing a controlled substance, possessing a controlled substance in a correctional facility, possessing drug paraphernalia, and failing at least six times to report to the community-supervision department. Appellant also violated the conditions on numerous occasions by her failure to pay monthly community-supervision fees, attorney fees, restitution, and court costs.

Dist.] 2010, no pet.) (holding due-process complaint was not preserved for appellate review).   Appellant's sole issue on appeal is overruled.

### III.  CONCLUSION

We affirm the trial court's judgment.

_____
Gregory T. Perkes
Justice

Do not publish.   Tex. R. App. P. 47.2(b).

Delivered and filed the
10th day of November, 2011.

4