

IN THE
TENTH COURT OF APPEALS

No. 10-13-00061-CR

LARRY CONNELL WATSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2009-1436-C2

MEMORANDUM OPINION

Larry Connell Watson pled guilty to theft. TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West Supp. 2012). The trial court deferred an adjudication of guilt and placed Watson on community supervision for four years. Over two years later, the State filed a motion to adjudicate, and Watson pled true to nine of the 18 violations alleged in the State's motion. After a hearing, the trial court adjudicated Watson guilty, sentenced him to two years in a state jail facility, suspended Watson's sentence, and placed him on community supervision for five years. As a condition of community

supervision, the trial court ordered Watson to be placed in a substance abuse felony punishment facility (SAFP).

In one issue, Watson argues that the trial court abused its discretion in imposing the SAFP condition rather than allowing Watson to attend an outpatient substance abuse program at the Veteran's Administration hospital. Because the trial court did not abuse its discretion, we affirm the trial court's judgment.

An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). A trial court has broad discretion in determining the conditions to be imposed. *Id*. at 533. "The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.12 § 11(a) (West Supp. 2012). However, if a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's condition of community supervision, he must do so in the trial court, and he must do so explicitly. *See Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999); *see also Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002).

Watson complains about the appropriateness of the SAFP condition of community supervision; thus, he was required to object to the imposition of this condition. He did not. He contends that because the only contested item at the

adjudication hearing was whether to place him at SAFP, as the community supervision officer recommended, or to place him in an outpatient treatment program at the VA, as Watson desired, his complaint as to the imposition of the condition requiring his placement at SAFP was, nevertheless, preserved for appellate review.

The State takes no position on whether Watson preserved his complaint for review. Assuming without deciding that Watson has preserved his complaint, we find that the trial court did not abuse its discretion.

The trial court heard testimony that Watson had failed several urinalysis tests. Because of those failed tests, he was required to attend Alcoholics Anonymous. After more failed urinalysis tests, his community supervision officer recommended SAFP. Watson was willing to go to SAFP initially but then balked. Watson wanted to attend an outpatient VA program for his drug problem which would also allow him to continue to receive the mental health treatment he had been receiving from the VA. However, Watson had previously attended an inpatient substance abuse program at the VA but left two days before its completion. Watson stated that he left because his brother was killed. Watson also stated that he had already received a certificate of completion for that program but did not produce a copy of that certificate. Watson was also unsuccessful in completing a compensated work therapy program through the VA in Temple. He stated he finished his treatment but because of his community

supervision in Waco, he could not complete the employment requirement of the program.

After reviewing the evidence, we cannot say the trial court abused its discretion in requiring Watson to be placed in SAFP as a condition of community supervision rather than allowing him to attend an outpatient program at the VA. Watson's sole issue is overruled, and the trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed October 17, 2013
Do not publish
[CR25]