

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00096-CR

_____

DON CLAYTON COOKSEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 12-F-377-005

Before Morriss, C.J., Moseley and Hill*, JJ.

_____

*John Hill, Justice, Retired, Sitting by Assignment

# O R D E R

Don Clayton Cooksey was convicted of theft in an aggregated amount greater than $200,000.00.[1] He was sentenced to ten years' imprisonment, was ordered to make $245,723.00 in restitution, and was ordered to pay a $10,000.00 fine. Cooksey appeals the trial court's judgment on several grounds, including that the record is insufficient to support the amount of restitution awarded. We agree. Consequently, we abate and remand the matter to the trial court for an evidentiary hearing on restitution.

We review challenges to restitution orders under an abuse-of-discretion standard. *Cantrell v. State*, 75 S.W.3d 503, 512 (Tex. App.—Texarkana 2002, pet. ref'd) (citing *Cartwright v. State*, 605 S.W.2d 287, 288–89 (Tex. Crim. App. [Panel Op.] 1980)). A trial court abuses its discretion when it acts without reference to any guiding rules or principles or when its decision is so clearly wrong that it lies outside the zone of reasonable disagreement. *Gonzalez v. State*, 117 S.W.3d 831, 839 (Tex. Crim. App. 2003). When there is insufficient evidence to support the amount of restitution ordered by the trial court, the proper procedure is to abate the appeal, set aside the amount of restitution, and remand the case for a hearing to determine a just amount of restitution. *See Barton v. State*, 21 S.W.3d 287, 290 (Tex. Crim. App. 2000).

A sentencing court may order a defendant to pay restitution to the victim of an offense or to any person who has compensated the victim for the loss. TEX. CODE CRIM. PROC. ANN. art. 42.037(a), (f)(1) (West Supp. 2013); *Idowu v. State*, 73 S.W.3d 918, 920 n.5 (Tex. Crim. App. 2002). The State must prove, by a preponderance of the evidence, the amount of loss sustained

---

[1] Cooksey was also convicted of misapplication of fiduciary property in an aggregated amount greater than $100,000.00 but less than $200,000.00, and four counts of forgery.

2

by the victim as a result of the offense.  TEX. CODE CRIM. PROC. ANN. art. 42.037(k) (West Supp. 2013).  The trial court must resolve any dispute relating to the proper amount or type of restitution.  *Id*.  However, the amount of restitution ordered (1) must be just and supported by a factual basis within the loss of the victim, (2) must be for the offense for which the defendant is criminally responsible, and (3) must be for the victim of the offense for which the defendant is charged.  *See Campbell v. State*, 5 S.W.3d 693, 696–97 (Tex. Crim. App. 1999); *Cantrell*, 75 S.W.3d at 512.[2]

Here, the record establishes that the trial court, the State, and Cooksey relied on a restitution worksheet produced by the State at trial.  Although the State had the intention of offering the worksheet as evidence, it did not do so.  At the hearing on the motion for new trial, the trial court was provided with a copy of the restitution worksheet and immediately recognized it.  Again, the worksheet was not included as an exhibit.  Further, the record has not been supplemented to include this restitution worksheet.  The restitution worksheet, which was relied on by the trial court in assessing the restitution amount, is not included in the appellate record.[3]

---

[2]Article 42.0379g)(4) of the Texas Code of Criminal Procedure states,

> The order of restitution must require the defendant to:  (i) make restitution directly to the person or agency that will accept and forward restitution payments to the victim or other person eligible for restitution under this article, including the compensation to victims of  crime fund; (ii) make restitution directly to the victim or other person eligible for restitution under this article, including the compensation to victims of a crime fund; or (iii) deliver the amount or property due as restitution to a community supervision and corrections department for transfer to the victim or person.

TEX. CODE CRIM. PROC. ANN. art. 42.037(g)(4) (West Supp. 2013).

[3]At the hearing on Cooksey's motion for new trial, the trial court indicated its intention to enter a judgment nunc pro tunc redacting $10,000.00 from the restitution order after reviewing the restitution worksheet and claim for restitution made by the State Bar of Texas.

We have reviewed the record before us and have found no evidence supporting the amount of restitution ordered. We sustain Cooksey's complaint that the record fails to support the amount of the restitution award. Therefore, we abate this appeal and remand this cause to the trial court for an evidentiary hearing concerning the amount of restitution.

The trial court shall, within twenty days after the date of this order: (1) conduct the hearing, (2) cause a court reporter to make a record of the hearing, (3) make appropriate orders and findings of fact and conclusions of law, and (4) deliver any orders and findings of fact and conclusions of law to the district clerk.

The district clerk is directed to file a supplemental clerk's record with the clerk of this Court containing a copy of the trial court's new orders and findings of fact and conclusions of law within seven days of the date the trial court delivers those documents to the district clerk. The court reporter is directed to prepare and file a supplemental reporter's record of the hearing with the clerk of this Court within seven days of the conclusion of the hearing.

IT IS SO ORDERED.

BY THE COURT

Date: March 25, 2014