PD-1104-17
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/6/2017 8:50 AM
Accepted 11/7/2017 4:54 PM
DEANA WILLIAMSON
CLERK

PD-1104-17 & PD-1105-17

FILED
COURT OF CRIMINAL APPEALS
11/7/2017
DEANA WILLIAMSON, CLERK

TO THE

# COURT OF CRIMINAL APPEALS

## OF TEXAS

**************

# LUIS DANIEL AYALA

Petitioner,

v.

# THE STATE OF TEXAS

Respondent.

**************

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBERS
07-16-411-CR & 07-16-412-CR FROM THE SEVENTH COURT OF
APPEALS AND IN CAUSE NUMBERS CR-2016E-094 &
CR-2016E-095 FROM THE 181st DISTRICT COURT
OF DEAF SMITH COUNTY

**************

# PETITION FOR DISCRETIONARY REVIEW

**************

John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney for the Petitioner

**THE PETITIONER REQUESTS ORAL ARGUMENT**

# IDENTITY OF JUDGE, PARTIES AND COUNSEL

**Trial Court Judge**

Hon. Roland Saul

**Appellant**

Luis Daniel Ayala

| | |
|---|---|
| Trial Counsel: | Rus L. Bailey  (State Bar No. 01538500)<br>2505 Lakeview Drive, Suite 301<br>Amarillo, Texas 79109<br>Telephone:  (806) 367-9692 |
| Appellate Counsel: | John Bennett  (State Bar No. 00785691)<br>P.O. Box 19144<br>Amarillo, Texas 79114<br>Telephone:  (806) 282-4455 |

**Appellee**

The State of Texas

| | |
|---|---|
| Trial Counsel: | James English  (State Bar No. 06625280)<br>Deaf Smith County Criminal District Attorney<br>William C. Strowd  (State Bar No. 19425400)<br>Assistant Criminal District Attorney<br>235 East Third Street, Room 401<br>Hereford, Texas 79045<br>Telephone:  (806) 364-3700 |
| Appellate Counsel: | William C. Strowd  (State Bar No. 19425400)<br>Assistant Criminal District Attorney<br>235 East Third Street, Room 401<br>Hereford, Texas 79045<br>Telephone:  (806) 364-3700 |

# TABLE OF CONTENTS

Identity of Judge, Parties and Counsel ...................................................................2

Index of Authorities...............................................................................................4

Statement Regarding Oral Argument ....................................................................6

Statement of the Case ............................................................................................6

Statement of Procedural History ...........................................................................6

Ground for Review ................................................................................................6

> Is an award of restitution independent of – or unsupported by
> – a valid plea of guilty? (Opinion below, p. 4)

Argument................................................................................................................7

Prayer for Relief ....................................................................................................8

Certificate of Compliance .....................................................................................8

Certificate of Service.............................................................................................9

Court of Appeals' Opinion ....................................................... following page 9

# INDEX OF AUTHORITIES

Cases

*Hanna v. State*, 426 S.W.3d 87 (Tex.Crim.App. 2014) ................................... 7-8

*Idowu v. State*, 73 S.W.3d 918 (Tex.Crim.App. 2002) .........................................8

*Thomas v. State*, 408 S.W.3d 877 (Tex.Crim.App. 2013)....................................7

*Young v. State*, 8 S.W.3d 656 (Tex.Crim.App. 2000) ..........................................7

PD-1104-17 & PD-1105-17

TO THE

# COURT OF CRIMINAL APPEALS

OF TEXAS

**************

# LUIS DANIEL AYALA

Petitioner,

v.

# THE STATE OF TEXAS

Respondent.

**************

PETITION FOR DISCRETIONARY REVIEW IN CAUSE NUMBERS
07-16-411-CR & 07-16-412-CR FROM THE SEVENTH COURT OF
APPEALS AND IN CAUSE NUMBERS CR-2016E-094 &
CR-2016E-095 FROM THE 181st DISTRICT COURT
OF DEAF SMITH COUNTY

**************

# PETITION FOR DISCRETIONARY REVIEW

**************

**To the Honorable Judges of the Court of Criminal Appeals:**

COMES NOW Luis Daniel Aguilera, petitioner in the above cause, and submits this petition in support of his request for remand to the Seventh Court of Appeals for new analysis.

5

## STATEMENT REGARDING ORAL ARGUMENT

Because an issue of first impression is involved, the petitioner requests oral argument.

## STATEMENT OF THE CASE

The petitioner was convicted of unlawful possession of a firearm by a felon (#07-16-411-CR) and possession with intent to deliver a controlled substance. (#07-16-412-CR). Based on a plea agreement, the trial court assessed sentence at 30 years' imprisonment in each case, to run concurrently, and ordered restitution of $180.

## STATEMENT OF PROCEDURAL HISTORY

The court of appeals affirmed the conviction and sentence on August 10, 2017 (opinion attached). The petitioner filed a motion for rehearing on August 25, 2017, but on September 5, 2017, the court of appeals denied rehearing. A motion to extend time to file this PDR was granted, to November 6, 2017.

## GROUND FOR REVIEW

Is an award of restitution independent of – or unsupported by – a valid plea of guilty? (Opinion below, p. 4)

6

# ARGUMENT

Restitution was included in the plea agreement to which the petitioner pled guilty in the trial court. The sum of $180 was described as the cost of testing the controlled substance by the Texas Department of Public Safety. (Opinion, p. 2).

In the court of appeals the petitioner raised two issues regarding restitution – that testing is not a "foreseeable result" of possession of such a substance, and that DPS is not a "person who suffered loss as a direct result of the criminal offense," both of which are required by *Hanna v. State*, 426 S.W.3d 87, 91, 94 (Tex.Crim.App. 2014). But the court of appeals ruled that by his guilty plea to the plea agreement, the petitioner "obligated himself to abide by that agreement even if the evidence may not have supported the award in the first place." (Opinion, attached, p. 4).

> Yet as the petitioner noted in his Motion for Rehearing,
>
> Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere "waives" ... or forfeits the right to appeal a claim of error *only* when the judgment of guilt was rendered independent of, and is not supported by, the error.

*Thomas v. State*, 408 S.W.3d 877, 880, n. 8 (Tex.Crim.App. 2013) (ellipsis points in original) (emphasis added), quoting *Young v. State*, 8 S.W.3d 656, 666-7, n. 32 (Tex.Crim.App. 2000).

7

Restitution is unquestionably part of the punishment, *Hanna*, 426 S.W.3d at 91, and thus scarcely independent of the judgment. And as the Opinion (p. 4) further notes, the factual basis for a restitution order may be raised for the first time on appeal. *Idowu v. State*, 73 S.W.3d 918, 921 (Tex.Crim.App. 2002). The petitioner's claims regarding restitution should accordingly be cognizable for the first time on appeal.

## PRAYER FOR RELIEF

The petitioner prays the Court grant discretionary review and remand the case to the court of appeals for new analysis, or grant all appropriate relief.

Respectfully submitted,

/s/ JOHN BENNETT
John Bennett
Post Office Box 19144
Amarillo, TX 79114
Telephone: (806) 282-4455
Fax: (806) 398-1988
AppealsAttorney@gmail.com
State Bar No. 00785691
Attorney for the Petitioner

## CERTIFICATE OF COMPLIANCE

I certify that this entire PDR contains 1,006 words.

/s/ JOHN BENNETT
John Bennett

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above PDR has been served on Chris Strowd, Esq., Assistant Criminal District Attorney for Deaf Smith County, by email to him at cstrowd@gmail.com, and on Stacey M. Soule, Esq., State Prosecuting Attorney, by email to her at information@spa.texas.gov, both on November 6, 2015.

/s/ JOHN BENNETT
John Bennett



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-16-00411-CR
07-16-00412-CR

LUIS DANIEL AYALA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court Nos. CR-16E-094 & CR-16E-095, Honorable Roland D. Saul, Presiding

August 10, 2017

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Luis Daniel Ayala (appellant) appeals his convictions for being a felon who unlawfully possessed a firearm and possessing a controlled substance with the intent to deliver. His first issue pertains to the trial court's decision to deny his motion to suppress. His remaining two issues involve his agreement to pay the DPS $180 as restitution as part of a plea agreement. We affirm.

*Background*

An arrest warrant had been issued for the arrest of appellant. Law enforcement officials obtained information that he was at his residence. With that information, they applied for and received a search warrant (first search warrant) permitting them to enter the house to arrest him. Both the arrest warrant and first search warrant then were executed. Once appellant was in custody outside the abode, law enforcement officials re-entered the house to look for others who may be there. They already had removed appellant and two other persons via their initial entry.

Upon conducting the second search for persons, officers noticed contraband in the house. Rather than seize it at that time, they secured a second search warrant permitting them to do so. They executed that second warrant and seized the items or contraband underlying appellant's current prosecutions.

*Issue One – Suppression of the Evidence*

Regarding the contention that the trial court erred in denying appellant's motion to suppress, we conclude that the grounds urged on appeal to obtain reversal do not comport with those urged at trial. This conclusion is based on the following observations. First, the drugs and firearms for which he was prosecuted were obtained through the execution of the second search warrant, not the first or the arrest warrant. Second, at the hearing on his motion to suppress the trial judge asked appellant's counsel about the issue requiring attention at the suppression hearing. Appellant's counsel responded with: 1) "[t]he issue, Your Honor, realistically is the first search warrant that was issued by the justice of the peace, which was brought to her by Agent Medrano"; 2) "[a]nd it's because, I believe, based on the affidavit for that search

warrant, that search warrant should've never been issued"; 3) "[a]s far as the second search warrant, Your Honor, I'm not concerned with that"; and, 4) "[i]t's not that I'm not concerned about it.  It's just that's not an issue for the hearing this morning."

Before us, though, appellant's focus lies on the second warrant, not the first.  He attempts to negate its legitimacy by arguing that the probable cause upon which it was based arose from an improper secondary sweep of the premises.  So too does he assert, for the first time, that the officers who executed the second warrant should have known of the purportedly unlawful nature of the secondary sweep and, therefore, could not have acted in good faith by relying on the second warrant to seize the contraband.[1]

So, as we can see, the grounds uttered by appellant here to negate the second warrant vary from those mentioned below.  Due to that circumstance, they were not preserved for consideration on appeal.  *Jenkins v. State*, 493 S.W.3d 583, 613 (Tex. Crim. App. 2016) (holding that the court need not consider the arguments presented on appeal because they were not before the trial court at the time of the ruling).  And, that requires us to overrule issue one.

*Issues Two and Three - Restitution*

In his next two issues, appellant questions the trial court's order that he pay restitution to the Department of Public Service in the amount of $180.  Allegedly, 1) the evidence was insufficient to justify restitution, and 2) restitution could be "ordered only to

---

[1] On page 19 of his brief, appellant asserts that "[a]t closing argument defense counsel - although in a roundabout or indirect fashion – contended that evidence gleaned from such a procedure after the arrest should be inadmissible, since nothing had been testified 'to show that there's any reason why' **the second** '**search warrant** should've been granted, period, because' Agent Medrano 'had the arrest warrant.'" (Emphasis added).  This statement was undoubtedly made in effort to show that appellant preserved his attack upon the second search warrant despite his earlier representation that it was not an issue at the hearing.  Reading the "closing argument" referred to, though, reveals that defense counsel was actually alluding to the first search warrant, not the second.  So, the statement on page 19 is an inaccurate characterization of the record.

3

a *victim* of a *direct result* of the offense, and that the order here must rest on describing DPS as such a victim." (Emphasis in original). We overrule these issues, as well.

Appellant did not question the legitimacy of the assessment below. Thus, he did not preserve his contention that restitution was inappropriate because the DPS was not a victim. *See Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002) (stating that "[i]f a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court").

As for the contention that the award lacked evidentiary support, we note that the assessment was part of a plea agreement. The appellate record illustrates as much. And, when asked whether the State's description of the agreement (which happened to include reference to $180 payable to the DPS for analyzing the controlled substances) was what he understood the agreement to be, appellant answered "Yes, sir." This resulted in the trial court assessing the $180 payment upon appellant.

By agreeing to the assessment as part of the plea and effectively asking the court to abide by the plea agreement, appellant waived his right to complain that the assessment lacked evidentiary support. *Price v. State*, No. 12-10-00363-CR, 2011 Tex. App. LEXIS 6550, at *7 (Tex. App.—Tyler Aug. 17, 2011, no pet.) (mem. op., not designated for publication). In other words, appellant entered into a contract with the State to pay the $180 via his plea agreement; thus, he obligated himself to abide by that agreement even if the evidence may not have supported the award in the first place. *See Harris v. State*, No. 12-12-00398-CR, 2013 Tex. App. LEXIS 9537, at *6-7 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication) (stating that "by entering into the contractual relationship [*i.e.,* plea agreement] without

4

objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract," including "a challenge to the sufficiency of the evidence supporting the imposition of financial obligations as a condition of community supervision").

Accordingly, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.