

# NUMBER 13-20-00363-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOSE LEONARDO RIOS,                                                     **Appellant,**

**v.**

THE STATE OF TEXAS,                                                      **Appellee.**

## On appeal from the 24th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina

Appellant Jose Leonardo Rios pleaded guilty to evading arrest with a vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(a). As a part of a guilty plea, the trial court suspended his sentence and placed him on community supervision for a period of three years. Thereafter, the trial court revoked his community supervision and

sentenced Rios to five years' imprisonment. By one issue, Rios argues that this sentence was excessive under the Eighth Amendment. We affirm.

## I. BACKGROUND

On October 30, 2019, the trial court sentenced Rios to ten years in prison for felony evasion in a vehicle, a third-degree felony. *See id.* at §§ 12.34, 38.04(a), (b)(2)(A). As a part of a guilty plea, the trial court suspended the sentence and placed Rios on community supervision for three years. The trial court also ordered him to pay a fine of $1,000, undergo an alcohol and drug evaluation, and perform one hundred hours of community service. On February 14, 2020, the State filed a motion to revoke Rios's community supervision alleging that he committed six violations, including an arrest for driving while intoxicated (DWI). *See id.* at § 49.04.

On August 11, 2020, the trial court held a hearing on the motion to revoke. The record indicates that the trial court reviewed the body camera footage from the DWI arrest and heard testimony from the probation officer assigned to Rios. Rios pleaded "true" to all of the State's allegations. The trial court revoked Rios community supervision and sentenced him to five years in prison. Rios did not object to the sentence but did indicate that he would exercise his right to appeal. After the hearing, Rios was assigned a new attorney. The evening of August 11, 2020, Rios's newly appointed attorney filed a motion for a new trial arguing that the sentence was excessive under the Eighth Amendment. Nothing in the record indicates that the trial court ruled on the motion, refused to rule on the motion, or was aware of the motion. This appeal followed.

2

## II. PRESERVATION OF ERROR

To preserve an issue for appeal, an appellant must ensure the trial court either ruled on an issue or refused to rule over an objection. TEX. R. APP. P. 33.1(a). While it is true that a formal signed order from the court is not required to preserve a complaint for appeal, the rule states that "the record must show" that the trial court was aware of the issue. *Id.* at R. 33.1(c). Generally, an appellant objecting to a sentence must object either at the punishment hearing or when the punishment is announced. *See e.g., Idowu v. State*, 73 S.W.3d 918, 923 (Tex. Crim. App. 2002); *see also Cano v. State*, No. 13-20-00364-CR, 2021 WL 1680202, at *2 (Tex. App.—Corpus Christi–Edinburg Apr. 29, 2021, no pet. h.) (mem. op., not designated for publication) (holding that appellant failed to preserve an Eighth Amendment complaint when he did not object at sentencing). An appellant may preserve an objection by raising it in a motion for a new trial within ten days if the appellant did not have the opportunity to object at the punishment hearing. TEX. R. APP. P. 21.6; *Burt v. State*, 396 S.W.3d 574, 577 n.4 (Tex. Crim. App. 2013).

Although Rios did file a motion for a new trial, he failed to preserve his grounds for appeal because no facts show that the trial court was presented with or aware of the motion. *See Carranza v. State*, 960 S.W.2d 76, 78–79 (Tex. Crim. App. 1998) (holding that, "this Court has held the filing of a motion for new trial alone is not sufficient to show 'presentment.'"). Even if the trial court was aware of the motion, Rios also failed to preserve his grounds for appeal because nothing in the record indicates that Rios objected to the trial court's refusal to rule on the motion. TEX. R. APP. P. 33.1(a)(2)(B).

3

### III.    EXCESSIVE PUNISHMENT

Nonetheless, assuming that Rios did preserve his objection for appeal, the trial court did not impose an excessive punishment because the sentence falls within the relevant statutory range. *See* TEX. PENAL CODE ANN. § 12.34 (providing that the punishment range for a third degree felony is "imprisonment . . . for any term not more than 10 years or less than 2 years"); *see also* § 38.04(b)(2)(A) (providing that evading arrest is " . . . a felony in the third degree if . . . the actor uses a vehicle while the actor is in flight."). In his brief, Rios argues that the punishment was "simply overkill" and that the "circumstances surrounding [the DWI] were comparatively benign." We review the trial court's assessment of punishment under an abuse of discretion standard. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

Under the Eighth Amendment, punishment must be proportional and not excessive. *See* U.S. CONST. amend. VIII; *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016). A successful challenge to proportionality is very rare and requires a finding of "gross disproportionality." *Simpson*, 488 S.W.3d at 322–23. If the sentence is within the statutory range, it will usually not be disturbed on appeal. *Id.* at 323. The appellant cannot merely present new evidence that his sentence was too harsh, he must argue that it was unconstitutional. *Id.* at 324.

Here, the five-year sentence is not disproportionate because it falls within the statutory range for the felony evasion offense. *See* TEX. PENAL CODE ANN. § 12.34 (establishing the punishment range of two to ten years). Moreover, Rios did not argue that his sentence was unconstitutional but merely argued that it was overkill. This is an

argument that the punishment was too harsh, not that it was unconstitutional. *See Simpson*, 488 S.W.3d at 324. We overrule Rios's issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
Tex. R. App. P. 47.2 (b).

Delivered and filed on the
17th day of June, 2021.