

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0025-21

**DANIEL GARCIA, Appellant**

**v.**

**STATE OF TEXAS**

## ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW
## FROM THE THIRD COURT OF APPEALS
## BELL COUNTY

YEARY, J., filed a dissenting opinion.

## <u>DISSENTING OPINION</u>

The court of appeals resolved the merits of Appellant's challenge to the trial court's restitution order in this case without mentioning, much less addressing, any question of procedural default. *Garcia v. State*, No. 03-19-00375-CR, 2020 WL 4462805 (Tex. App.—Austin Jul. 21, 2020) (mem. op., not designated for publication). We could easily remand this case to the court of appeals to address the procedural default question in the first instance, as it should have done on original submission. Because the Court does not, I respectfully dissent.

## I.  My Reasons for Preferring Remand

The State did not make an issue of procedural default until rehearing in the court of appeals. As the State Prosecuting Attorney [SPA] points out, however, because error preservation is "systemic," the State may raise it for the first time even on discretionary review. State's Petition for Discretionary Review at 6 n.8 (citing *Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016)). The Court has sometimes said that, when a court of appeals reverses a conviction without addressing this threshold issue, this Court "can and should" address the issue itself.[1] *Darcy*, 488 S.W.3d at 328. This proposition is somewhat at odds, however, with our ordinary practice to remand cases to the intermediate appellate court to address indispensable issues that the lower court has failed to address on original submission. *See Stringer v. State*, 241 S.W.3d 52, 59 (Tex. Crim. App. 2002) (declining to address the State's "alternative waiver" arguments for the first time on discretionary review; leaving those issue for the lower court on remand). The problem with this Court addressing this "systemic" issue in the first instance, instead of remanding for the first-tier appellate court to do so, is that the issue is not always adequately briefed in this Court. That, in my view, is what is going on in this case.

In its petition for discretionary review and in its brief on the merits, the SPA has argued that it was incumbent on Appellant to complain about the trial court's restitution order at trial, in order to preserve error for appeal, because of the character of the complaint itself: that the trial court's restitution order was not "appropriate." State's Brief on the

---

[1] As far as I know, the Court has never said that it *must* address procedural default issues for the first time on discretionary review under these circumstances, and I would not be inclined to so conclude. There will undoubtedly be other circumstances in which, as in this case, a remand for an initial resolution of the procedural default question would be greatly preferred.

Merits at 4–6. In *Idowu v. State*, 73 S.W.3d 918, 921–23 (Tex. Crim. App. 2002), the Court held that an appellate complaint about the "appropriateness" of a restitution order must be preserved in the trial court. At the same time, the Court strongly suggested that a claim that the restitution order lacked a "factual basis" in the record (like a challenge to legal sufficiency of the evidence to establish guilt) need not be preserved at trial. *Id*.

In the present case, the SPA argues only that Appellant's challenge to the restitution order in this case is of the former "appropriateness" kind, and therefore will be forfeited if not raised in the trial court.[2] There is no further argument that *Idowu*'s distinction between "appropriateness" claims and "factual basis" claims should simply be disowned, as the Court does today. I originally believed that we granted the SPA's petition to explore and explain the difference between the two, not to decide whether to dispense with the distinction altogether. The parties have not briefed *that* question.

I would remand the case to the court of appeals to address the procedural default question in the first instance. If at that point the State wished to argue—contrary to the suggestion in *Idowu*—that *any* complaint about a restitution order, of *any* character, must be preserved in the trial court before it may be raised on appeal, it would be free to do so. The parties could then fully brief *that* issue accordingly. This Court would then have the benefit of that briefing and the lower appellate court's resolution of the issue to inform our own review of the question, should we even deem that necessary in a subsequent petition

---

[2] Were the Court to resolve this argument in the SPA's favor, then, as in *Idowu* itself, it would not have to decide definitively whether a "factual basis" claim must also be preserved by a trial-level objection. It could once again save that question for a later day.

for discretionary review.[3] *See McClintock v. State*, 444 S.W.3d 15, 20 (Tex. Crim. App. 2014) ("[O]ur resolution of the issue (if any should even be necessary after a remand) would benefit from a carefully wrought decision from the court of appeals.").

## II.    Conclusion

We should remand this case to the court of appeals to address procedural default in the first instance. Because the Court instead insists on addressing and resolving the question today—and because it also resolves the question on a basis not even prompted by the pleadings or fully briefed by the parties—I respectfully dissent.

FILED:                                    March 2, 2022
PUBLISH

---

[3] Many of the Court's reasons today for subjecting a "factual basis" claim to a preservation requirement would apply equally well to an argument that claims of legal sufficiency should also have to be preserved at the trial-court level before they may be brought on appeal. But surely the Court would not hold that legal sufficiency claims must be preserved! The Court should do a better job of explaining why *Idowu*'s analogy between "factual basis" claims and legal sufficiency claims, dicta though it may be, is improper. Briefing could facilitate a more proper resolution of the issue.