**STATE of Missouri, Respondent,**

v.

**John A. VANN, Appellant.**

**No. WD 55724.**

Missouri Court of Appeals,
Western District.

Submitted Aug. 23, 1999.

Decided Nov. 9, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 21, 1999.

Application for Transfer Denied
Jan. 25, 2000.

John M. Schilmoeller, Public Defender, Kansas City, for appellant.

John M. Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.

Before RIEDERER, P.J., SMART and ELLIS, JJ.

PER CURIAM.

John A. Vann appeals his conviction, following a jury trial, for sale of a controlled substance, § 195.211, RSMo 1994,[1] for which he was sentenced as a prior and persistent offender to ten years imprisonment. Vann contends that the trial court plainly erred in allowing an undercover detective to testify regarding Vann's past purchase of narcotics. Vann also challenges the trial court's action in sentencing him as a persistent offender, arguing that the state failed to adequately plead, allege and produce evidence that Vann was a persistent offender and that the trial court

failed to make a finding that Vann was a persistent offender. Affirmed.

## Factual Background

On April 24, 1996, Detective Gary Gibson was working undercover for the Street Narcotics Unit of the Kansas City Police Department. Detective Gibson met with a confidential informant in order to arrange a purchase of narcotics. The confidential informant made the necessary arrangements and accompanied Detective Gibson to a house on East 87 th Street for the sale. Upon arriving at the house, the confidential informant and Detective Gibson met the appellant, John Vann, and another male, identified as "Pat". Pat told Detective Gibson that they had to leave to get the narcotics, because "the guy is going to sell your dope." Vann told Detective Gibson that his brother had the narcotics at another location. Detective Gibson, the confidential informant and Pat got into the detective's car. After he moved his car, Vann got into Detective Gibson's car with the others and they drove away.

Vann directed Detective Gibson to the 6000 block of Highland. During the drive, the conversation was transmitted to a police surveillance team from a listening device hidden in the car. When they reached the Highland location, Vann got out of the car. Detective Gibson stayed in the car, uncertain of how to proceed. Vann repeatedly asked Detective Gibson for money for the narcotics, but Detective Gibson refused to hand it over based on his belief that Vann would flee with the money. Eventually Vann allowed the detective to accompany him to the location of the drug purchase.

Vann led Detective Gibson to an apartment building. In a dark interior hallway, the two men met another man. Vann told the detective to show the money to this man. Detective Gibson pulled one hundred and fifty dollars from his pocket.

1. All sectional references are to Missouri Revised Statutes 1994, unless otherwise indicated.

The man pulled two beige rock-like substances (later identified as crack cocaine) from his pocket and exchanged them for Detective Gibson's money. Detective Gibson left the building with Vann, got into the car, and drove away.

On the drive back to the house on East 87th Street, Vann repeatedly asked Detective Gibson for a portion of the narcotics as compensation for arranging the transaction. Detective Gibson refused. The officers monitoring the conversation pulled up behind Detective Gibson's car in a marked police car.

When they reached the house, everyone exited the car. Vann became extremely agitated, continuing to demand a share of the drugs. The officers in the marked police car drove slowly by the house to distract Vann's attention. Detective Gibson and his confidential informant walked back to the car and drove away. In order to maintain the cover of Gibson and the confidential informant, the uniformed officers stopped Gibson and his companion and searched them. Vann was allowed to leave.

When he returned to the police station, Detective Gibson field-tested the rock-like substances. They tested positive for crack cocaine. A test at the Regional Crime Lab determined that the substances weighed 1.01 grams and contained cocaine base.

On January 27, 1997, Vann was charged with felony delivery of a controlled substance, § 195.211. The state subsequently filed an amended information charging Vann as a prior offender and a prior drug offender. The matter went to trial on February 9, 1998. Vann was found guilty of sale of a controlled substance. At sentencing, the trial court noted:

> I also show this was originally charged as a Class B felony but also alleged as prior and persistent. The Court made a finding out of the hearing of the jury before we started that beyond a reasonable doubt the defendant was a prior and persistent felon and under those provisions it would be enhanced from a B to an A. So the jury would not sentence him, but the Court would sentence him.

The trial court sentenced Vann as a prior and persistent offender to ten years imprisonment.

Vann appeals.

### Evidence of Uncharged Crimes

Vann contends in Point I that the trial court plainly erred in overruling his objection to the state's question to Detective Gibson regarding prior unrelated drug purchases by Vann and in admitting Detective Gibson's response. Vann argues that these rulings violated his rights to due process of law, to a fair trial, and to be tried only for those offenses charged, as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, §§ 10, 17 and 18(a) of the Missouri Constitution because this evidence constituted highly prejudicial evidence of uncharged crimes.

During direct examination of Detective Gibson, the following exchange occurred:

Q. What happened when you arrived at the 6000 block of Highland?

A. Mr. Vann got out of my car and stood – I stayed in the car because I didn't know how he wanted me to do this. So I rolled my window down, he stood in my window, he said basically, give me your money. I said, no, you are going to take my money and walk off with it. And he said, give me your money. He kept asking me, give me your money, give me your money, give me your money. I kept say, no, no, no. And it was going nowhere at this point fast. And the other white male that was in my car, he said, go ahead and give him your money, he has hooked me up a lot. And I said, no, I'm not. And finally Mr. Vann agreed to take me inside the house, inside the apartment complex with him. He said, okay, come on.

Q. I'm going to go back a few steps. When the other white male in the car said, he hooked me up a lot, what does that mean?

A. That means he has arranged for the purchase of narcotics many times, he has gotten the drugs for him many times.

MR. HILER: I want to object to this line of questioning. I think it's speculation on the part of this witness as to how the arrangements are made between one person and another. It's just guesswork.

THE COURT: I think I'll overrule the objection. Go ahead.

■■■ Vann contends that this testimony constitutes inadmissible evidence of uncharged crimes. Vann acknowledges that the issue was not properly preserved. "To preserve an objection to evidence for review, the objection must be specific, and the point raised on appeal must be based upon the same theory." *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995). The objection made at trial was not the same as put forward in this appeal. Moreover, Vann did not include this issue in his motion for new trial. *See State v. Rousan*, 961 S.W.2d 831, 842 (Mo. banc 1998).

■■■ With regard to trial court errors that have not been preserved, we can review only for manifest injustice or miscarriage of justice. *See* Rule 30.20; *State v. Hutchison*, 957 S.W.2d 757, 761 (Mo. banc 1997). Vann must demonstrate that manifest injustice or a miscarriage of justice will occur if the error is left uncorrected. *State v. Knese*, 985 S.W.2d 759, 770 (Mo. banc 1999). We fail to see that there are facial grounds for believing there is any manifest injustice or miscarriage of justice. *State v. Brown*, 902 S.W.2d 278, 284 (Mo. banc 1995).

The evidence showed that during the transaction, Vann told Detective Gibson that his brother was waiting with the cocaine. Vann directed Detective Gibson to the building where the sale was made and led the detective inside to meet with the man who possessed the cocaine. Vann instructed Detective Gibson to show the man his money. After the exchange, Detective Gibson and Vann left the building together. Vann told the detective that he owed Vann a portion of the cocaine in exchange for setting up the drug buy. His conversation with Detective Gibson was transmitted to a surveillance team of officers who heard everything that went on in the car, including Vann's insistence on a portion of the cocaine as his payment for the sale. The evidence overwhelmingly established that Vann was an active participant in the crime and guilty as charged. Point I is denied.

## Sentencing as a Prior and Persistent Offender

■■■ In Point II, Vann argues that the trial court plainly erred in sentencing him as a persistent offender pursuant to § 558.019. He claims that the court's action violated his right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Missouri Constitution because the state failed to adequately plead that Vann was a persistent offender pursuant to § 588.016. Further, it is Vann's contention that the state failed to establish that Vann was a persistent offender and the trial court failed to make a finding that Vann was a persistent offender. Vann reasons that such failures to comply with the requirements of § 558.021 resulted in the improper sentencing of Vann as a persistent offender. Vann admits that this claim was not preserved for review. Thus, review is for plain error. Rule 30.20; *State v. Tivis*, 948 S.W.2d 690, 698 (Mo.App.1997).

The amended information in this case charged Vann as a prior offender and a prior drug offender. Two felonies were listed to support the charges, showing that Vann had been found guilty of tampering in the first degree on April 12, 1989, and had been found guilty of possession of a

controlled substance on April 21, 1989. The amended information did not contain the classification term "persistent offender."

Section 558.021, RSMo Supp.1998, provides that the court shall find a defendant a prior and persistent offender if: (1) the information or indictment pleads all essential facts warranting a finding that defendant is a prior and persistent offender; (2) the state offers evidence establishing sufficient facts pleaded to warrant a finding beyond a reasonable doubt that defendant is a prior and persistent offender; and (3) the court makes findings of fact that warrant a finding beyond a reasonable doubt that the defendant is a prior and persistent offender. A "persistent offender" is someone "who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." § 558.016.3, RSMo 1994.

At trial, prior to jury selection, the state introduced evidence establishing the facts pleaded in the information. The trial court made a finding beyond a reasonable doubt that Vann had been found guilty of two separate felonies. It did not specifically make a finding that Vann was a persistent offender. At Vann's sentencing, the trial court found Vann to be a "prior and persistent offender" and the trial court's written judgment reflects this finding.

No manifest injustice or miscarriage of justice resulted from the court's finding that Vann was a persistent offender. *Tivis* is instructive on this issue. In *Tivis*, the defendant was sentenced as a class X offender, although he was not charged as a class X offender in an amended information. *Tivis*, 948 S.W.2d at 697. On appeal, this court found that the omission did not result in manifest injustice or miscarriage of justice because the defendant knew that he was charged as a repeat offender and that his prior felony convictions supported a finding that he was a class X offender. *Id.* at 698. In the case at hand, Vann knew that the state intended to pursue an extended term of imprisonment. Vann also knew that he was a persistent offender.

Moreover, Vann's ten-year sentence was the minimum sentence he could receive under the extended sentencing provisions. Were this court to remand for resentencing, Vann could receive no lighter sentence as a prior offender and prior drug offender. *See* § 195.291.1, RSMo Supp.1998 ("Any person who has pleaded guilty to or been found guilty of a violation of section 195.211, when punishable as a class B felony, shall be sentenced to the authorized term of imprisonment for a class A felony if the court finds the defendant is a prior drug offender"). The authorized term of imprisonment for a "class A felony" under § 558.011.1(1) is "a term of years not less than ten years and not to exceed thirty years, or life imprisonment[.]" Point II is denied.

Affirmed.