**Opinion issued December 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-01027-CR

_____

**RODNEY MILUM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1347034**

# O P I N I O N

Rodney Milum was found guilty of sexual assault of a child[1] and sentenced to two years' incarceration suspended in favor of eight years' community supervision. The trial court imposed 41 conditions of community supervision and

---

[1]     TEX. PENAL CODE ANN. § 22.011(a)(2) (West 2011).

required him to register as a sex offender. In two issues, Milum contends that two of these conditions were improper and that he received ineffective assistance of counsel. We affirm.

## Challenged Conditions

The trial court imposed 41 conditions of community supervision. The record contains no objection to any of them. Milum signed a written copy of the conditions indicating his acceptance of them. These conditions included the two challenged in this appeal:

> [¶ 26] You may enter a church, synagogue, or other place of worship only to attend a public service. You may arrive fifteen (15) minutes prior to the service and you must depart the place of worship immediately following the service. You are not to enter any area of the place of worship where children's classes are being conducted or where children play or engage [in] other activities beginning 10/18/2013.

> [¶ 32] You may not access to the internet through any manner of method, beginning 10/18/2013, for any reason unless specifically ordered by the Court. You may not view, receive, download, transmit, or possess pornographic material on any computer. You are not to possess pornographic software, images, or material on any hard drive, [computer disk], or magnetic tape.

Milum contends that the trial court abused its discretion by promulgating the two conditions of community supervision limiting his religious participation and

internet access. The State contends that Milum waived error by failing to object to the conditions of community service. [2]

## Milum Waived Review

A trial court may "abuse its discretion by imposing conditions that are unreasonable or violate constitutional rights or statutory provisions. But such defects must be timely objected to in order to be raised on appeal." *Speth v. State*, 6 S.W.3d 530, 534 n.10 (Tex. Crim. App. 1999); *accord Ivey v. State*, 16 S.W.3d 75, 76 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

The record contains no indication that Milum ever objected to any condition of community supervision. The record indicates that after the jury recommended community supervision, the trial court sentenced Milum and stated several conditions of his community supervisions (albeit not the two challenged conditions). The trial court then indicated that "we will go over all the conditions carefully this morning" and "we will give those to you in writing." The hearing was then conducted off the record by the parties' agreement. The actual review of the conditions with Milum is not in the record. Milum then signed a copy of the

---

[2] The State also suggests that "direct appeal is not the proper vehicle" to challenge the conditions of community supervision because the trial judge may alter them. The statute that the State cites, however, does not prohibit an appeal of conditions of community supervision but merely authorizes the trial judge to "alter conditions of community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12 §10(a) (West Supp. 2015). Appeal of community supervision conditions is permissible. *See Lemon v. State*, 861 S.W.2d 249, 252 (Tex. Crim. App. 1993).

conditions. Milum does not argue that he was unaware of these two particular conditions, which were included on the document he signed.

These facts are very similar to *Speth v. State*, 6 S.W.3d at 534 n.9. There, the defendant was "questioned about potential conditions, was orally informed by the trial court of the conditions assessed, and signed a written version of the conditions at the punishment hearing." *Id.* "In light of Speth's awareness of the conditions of community supervision, [the Court of Criminal Appeals] held that his failure to object to those conditions forfeited any complaint about those conditions on appeal." *Dansby v. State*, 448 S.W.3d 441, 447 (Tex. Crim. App. 2014) (discussing *Speth*, 6 S.W.3d at 534 n.9).

There are two exceptions to the objection requirement. First, a defendant may challenge an unobjected-to condition of community supervision if he did not know about the condition in time to object or had no opportunity to object. *See id.* at 534 n.9; *Rickels v. State*, 108 S.W.3d 900, 902 (Tex. Crim. App. 2003). Second, a defendant need not object to a condition "that the criminal justice system finds to be intolerable and is therefore not a contractual option available to the parties." *Gutierrez-Rodriguez v. State*, 444 S.W.3d 21, 23 (Tex. Crim. App. 2014). Conditions that fall into this second exception violate an absolute right of the defendant. *Gutierrez v. State*, 380 S.W.3d 167, 175 (Tex. Crim. App. 2012); *see Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993), *overruled on other*

4

*grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997), *abrogated on other grounds by Matchett v. State*, 941 S.W.2d 922 (Tex. Crim. App. 1996) (defining absolute rights).

Neither exception to the objection requirement is present here. Milum makes no argument that he did not know about the conditions or that he did not have an opportunity to object. That he signed a written copy of the conditions, which detail exactly what Milum is and is not allowed to do, further indicates that he knew and accepted these restrictions without objection. *See Speth*, 6 S.W.3d at 534 n.10; *Ivey*, 16 S.W.3d at 76; *Ledet v. State*, 177 S.W.3d 213, 221 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd).

Nor is either complained-of condition an "intolerable" violation of an absolute constitutional right. Milum's only argument that the conditions are "intolerable" is his constitutional argument: that the restrictions on his participation in religious activities before or after a worship service violate his freedom of worship. This is not an absolute right. *See Marin*, 851 S.W.2d at 279 (holding that not all constitutional rights are absolute rights); *Smith v. State*, 463 S.W.3d 890, 895–96 (Tex. Crim. App. 2015) (holding that right is not absolute under *Marin* unless the statute being applied against defendant has already been declared unconstitutional on its face and that, if it has not yet been declared unconstitutional, defendant must object). Therefore, agreeing to the condition

5

without objection waives error. *Gutierrez*, 380 S.W.3d at 175 & n.39 (citing *Hart v. State*, 264 S.W.3d 364, 368 (Tex. App.—Eastland 2008, pet. ref'd));

Milum failed to preserve his complaints for our review. Accordingly, we overrule his first issue.

**Ineffective Assistance of Counsel**

Milum contends that, in the alternative, his trial counsel's failure to object constitutes ineffective assistance of counsel. The State suggests our order to Milum to brief the issue of ineffective assistance of counsel was improper. We disagree When a defendant's counsel files an *Anders* brief, the court must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous" and "if it finds any of the legal points arguable on their merits . . . it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." *Anders v. State of Cal.*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). The court may identify the arguments that counsel must brief. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (holding that, in *Anders* case, court of appeals must investigate the record and, if it finds arguable grounds for appeal, remand to trial court to appoint new counsel to present arguments court of appeals identified); *Wilson v. State*, 40 S.W.3d 192, 200 (Tex. App.—Texarkana 2001, no pet.) (citing *Wilson v. State*, 976 S.W.2d 254, 257 n.4 (Tex. App.—Waco 1998, no pet.))

(stating that court of appeals may "identify issues that counsel on appeal should have addressed but did not").

Milum's first counsel filed an *Anders* brief. In response to the *Anders* brief, Milum filed a pro se brief raising, among other arguments, ineffective assistance of counsel. After reviewing the record, we ordered Milum retain a new attorney to brief two issues: (1) "whether any or all of the 41 conditions of community supervision imposed by the trial court are invalid" and (2) "whether failure to object to any of the conditions of community supervision constituted ineffective assistance of counsel." Milum's second counsel also filed an *Anders* brief. In response, we again abated the appeal for new counsel to be appointed. Milum's third counsel filed a brief addressing the first issue but not the second issue. Thus, we issued a third order requiring Milum's counsel to brief both issues. Contrary to the State's assertion, these orders complied with our *Anders* duty to conduct a full examination of all the proceedings to determine whether the appeal is frivolous.

## A.    Standard of review

"To prove ineffective assistance, a defendant must show, by a preponderance of the evidence, that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the Sixth Amendment and (2) there is a reasonable probability that, but for counsel's error or omission, the result of the proceedings would have been different." *Apolinar v. State*, 106

S.W.3d 407, 416 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 155 S.W.3d 184 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687–96, 104 S. Ct. 2052, 2064–69 (1984) and *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999)).

"Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective." *Thompson*, 9 S.W.3d at 813. "When handed the task of determining the validity of a defendant's claim of ineffective assistance of counsel, any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Id.* (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984)).

## B.     Performance

With respect to the first *Strickland* prong, "[t]here is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and the defendant must overcome the presumption that the challenged action might be considered sound trial strategy." *Gavin v. State*, 404 S.W.3d 597, 603 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing *Strickland*, 466 U.S. at 686, 104 S. Ct. at 2065). When, as here, the record does not reveal the reasons for trial counsel's actions, "an appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App.

2005) (internal quotation marks omitted); *accord Rylander v. State*, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

To demonstrate that defense counsel's failure to object constitutes ineffective assistance, a defendant "must show that the trial judge would have committed error in overruling such an objection" if it had been asserted. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). "The trial court has no discretion to impose an 'invalid' condition of community supervision." *Mitchell v. State*, 420 S.W.3d 448, 449 (Tex. App.—Houston [14th Dist.] 2014) (citing *Barton v. State*, 21 S.W.3d 287, 289 (Tex. Crim. App. 2000)). If a condition of community supervision contains all of the following three characteristics, it is invalid: "(1) it has no relationship to the crime; (2) it relates to conduct that is not in itself criminal; and (3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of community supervision." *Ex parte Renfro*, 999 S.W.2d 557, 560 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd); *accord Mitchell*, 420 S.W.3d at 449–50.

### 1. Restrictions on internet usage

To assess whether trial counsel's failure to object to these to conditions of community supervision constituted ineffective assistance, we turn first to the condition forbidding Milum from accessing the internet for eight years. Milum

contends that this bears no relationship to his crime and that the failure to object was so outrageous that no competent attorney would have failed to do so.

On its face, the restriction is overbroad. Although the State points out that Milum used electronics to communicate with the complainant, the record only provides evidence that he used voice calls and text messages. There is no evidence that Milum and the complainant ever communicated over e-mail, instant messenger, online dating sites, Skype, Facebook, Twitter, or any other internet service. Nor is there any record evidence of Milum seeking other sexual partners over the internet or accessing internet pornography.

Using the internet is not, in itself, a criminal activity. Many people search for employment on the internet, and many employees are required to access the internet for work. Many people use the internet as their primary access to the news. The internet is a de-facto requirement for education as early as middle school. Many college courses—even traditional classroom courses—require students to use online interaction software to receive assignments, submit assignments to the professor, and engage in online class discussion. Finally, internet access is closely connected with a defendant's right of free speech—using the internet to send and receive communication—a fundamental right.[3]

---

[3] *See generally Reno v. Am. Civil Liberties Union*, 521 U.S. 844, 871–72, 117 S. Ct. 2329, 2344–2345 (1997) (striking down federal law regulating internet usage because "vagueness of such a regulation raises special First Amendment concerns

Nevertheless, because Milum was required to register as a sex offender, the trial court was required to restrict Milum's internet usage. TEX. CODE CRIM. PROC. ANN. art. 42.12(13g) (West Supp. 2014). The statute requiring restrictions on internet use for sex offenders is sensitive to the importance of the internet to students and members of the workforce and allows the court to modify any condition on internet usage that "interferes with the defendant's ability to attend school or become or remain employed . . . . " *Id.* § 41.12(13(g)(c)(1). Recognizing that the judge was required to restrict Milum's internet usage, but that his client could return to court at any time to seek a modification, Milum's counsel could have thought that he would have a better chance at obtaining relief allowing Milum to access the internet if he returned at a later time, armed with specific reasons why Milum needed internet access. An effective attorney recognizes that sometimes the timing of an argument can be as important as its substance in obtaining relief.

With regards to this condition, therefore, Milum cannot meet the heavy burden of overcoming the "strong presumption that . . . the challenged action might be considered sound trial strategy." *Gavin*, 404 S.W.3d at 603 (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065). In the absence of direct evidence of counsel's reasons for the challenged conduct (evidence we do not have), "we will assume a

---

because of its obvious chilling effect on free speech"); *Ex parte Lo*, 424 S.W.3d 10, 24–25 (Tex. Crim. App. 2013) (striking down law prohibiting "sexually explicit communications" with minor as overbroad restriction on free speech).

strategic motivation if any reasonable strategy can be imagined." *Weeks v. State*, No. 06-12-00110-CR, 2013 WL 557015, at *4 (Tex. App.—Texarkana Feb. 14, 2013, no pet.) (*citing Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)). Because a reasonable strategy could justify Milum's attorney's conduct, the attorney's performance does not fall "below an objective standard of reasonableness as a matter of law . . . . " *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005).

Because we can imagine a "reasonable strategy" for failing to object to this condition, Milum does not meet his burden to establish that his counsel provided ineffective assistance as to this condition.

### 2. Restrictions on church participation

We next turn to the restriction on Milum's church participation. He asserts two reasons why the court would be required to sustain a hypothetical objection. First, he argues that the condition violates his constitutional right to free exercise of religion. Second, he contends that the condition bears no reasonable relationship to his crime.

In some circumstances, paragraph 26's restrictions on church participation may be overbroad. Such restrictions could negatively impact a person's right to be involved in legitimate religious activities at a place of worship that are not part of "public services" and that would not pose any specific danger to minors. For

example, the restriction would prevent a person from meeting with a minister for private counseling, making a confession to a minister, or attending adult meetings or events at a church with no involvement with children. It would prevent him from going into a church area designated for private prayer. These activities would bear no relationship to the crime in this case.

Nevertheless, Milum cannot meet his burden of overcoming the "strong presumption that . . . the challenged action might be considered sound trial strategy" because counsel may have made a strategic choice not to object to this condition of community supervision for various reasons. *Gavin*, 404 S.W.3d at 603 (citing *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065).

First, counsel's failure to object may have been a strategic choice, thinking he could return to court at a later date to possibly receive a more favorable reception to such an objection based on a specific need to go on church property other than for a public service. He might believe that a trial court would want specific assurances that a registered sex offender is in fact on church property for legitimate purposes by designating those purposes in advance. Second, Milum may not attend a church, synagogue or mosque and may have no desire to enter such a facility except for public events such as a wedding. Thus, counsel may have felt it was unnecessary to focus the court's attention on this condition. Alternatively, knowing he could return later to request a modification to address a particular

circumstance—such as a desire to meet privately with a minister—counsel may have determined that the best strategy was not a global objection at this early stage of community supervision. Again, we can imagine a reasonable strategy that could justify Milum's attorney's conduct, and thus, the attorney's performance does not fall "below an objective standard of reasonableness as a matter of law . . . . " *Andrews*, 159 S.W.3d at 102 (Tex. Crim. App. 2005). Thus, Milum's counsel did not meet his burden to establish that his counsel provided ineffective assistance as to this condition.

## Conclusion

We affirm the judgment of the trial court.

Harvey Brown
Justice

Panel consists of Justices Jennings, Bland, and Brown.

Justice Jennings, concurring.

Publish.  TEX. R. APP. P. 47.2(b).

14