# NO. 12-18-00265-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES ROBERTSON, IV,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

James Robertson, IV, appeals following the revocation of his deferred adjudication community supervision. In two issues, Appellant argues that the trial court abused its discretion in ordering him to pay four hundred dollars in restitution in conjunction with the judgment placing him on community supervision. We affirm.

### BACKGROUND

Appellant was charged by indictment with theft from an elderly individual. Pursuant to a plea agreement with the State, Appellant pleaded "guilty." Among other things, the plea agreement set forth that Appellant agreed to pay restitution in an amount "TBD" or to be determined.

On December 1, 2017, the trial court conducted a punishment hearing. At the hearing, in accordance with the plea agreement, the trial court deferred finding Appellant "guilty" and placed him on community supervision for three years. Additionally, the trial court stated that the amount of restitution would be "left open" since the court had not yet received any responses from the victims. On December 20, 2017, without conducting a hearing on the matter, the court signed an order amending the terms of Appellant's community supervision in which it ordered payment of

four hundred dollars in restitution at a rate of fifteen dollars per month. Appellant learned of this order on January 4, 2018.

Subsequently, the State filed a motion to proceed to final adjudication of guilt, alleging that Appellant violated certain terms and conditions of his community supervision. Appellant pleaded "true" to the allegations in the State's motion. Following a hearing, the trial court found the allegations to be "true," revoked Appellant's community supervision, adjudicated him "guilty" of theft from an elderly individual, and sentenced him to imprisonment for four years. The trial court further ordered Appellant to pay the unpaid restitution balance of $370.00. This appeal followed.

## RESTITUTION

In his first issue, Appellant argues that the trial court abused its discretion by ordering that he pay restitution where he was not provided an opportunity to complain of this addition to the judgment. In his second issue, Appellant contends that the trial court abused its discretion in ordering him to pay restitution where there is no evidence before the court regarding any issue of restitution.

### Standard of Review

An appellate court reviews challenges to restitution orders under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex. Crim. App. [Panel Op.] 1980); *Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.–Waco 2004, no pet.). In order to preserve error concerning a restitution order, however, the record must show that a complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1)(A); *see also Lemos v. State*, 27 S.W.3d 42, 47 (Tex. App.–San Antonio 2000, pet. ref'd) (concluding defendant waived complaint by failing to dispute funeral expenses portion of restitution order at sentencing). In other words, if a defendant wishes to complain about the appropriateness of (as opposed to the factual basis for) a trial court's restitution order, he must do so in the trial court, and he must do so explicitly. *Idowu v. State*, 73 S.W.3d 918, 921 (Tex. Crim. App. 2002); *but see Landers v. State*, 402 S.W.3d 252, 255 (Tex. Crim. App. 2013) (appellant may not be faulted for failing to object to imposition of court costs when trial court made no mention of such costs during pronouncement of sentence because she had no opportunity to

2

object); ***Speth v. State***, 6 S.W.3d 530, 534 n.9 (Tex. Crim. App. 1999) (defendant may challenge an unobjected-to condition of community supervision if he did not know about the condition in time to object or had no opportunity to object).

## Applicable Law

In addition to any fine authorized by law, a sentencing court may order the defendant to make restitution to any victim of the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 42.037(a) (West 2018). Texas Code of Criminal Procedure, Article 42.03, Section 1(a) states that a sentence shall be pronounced in the defendant's presence. *See id.* art. 42.03, § 1(a) (West 2018). This means that a defendant's sentence must be orally pronounced in his presence. *See **Taylor v. State***, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004).

## Discussion

Appellant complains that (1) he was not afforded an opportunity to object to the trial court's restitution order since the amounts of the awards were not orally pronounced in his presence[1] and (2) the trial court lacked authority to order restitution to Southside Bank when the indictment involved a different complainant and the record indicates that the ring that was stolen was returned to the victim.

In his discussion of a potential remedy, Appellant briefly characterizes the trial court's purported error as one in which its oral pronouncement differed from its subsequent written orders. *See, e.g., **Burt v. State***, 396 S.W.3d 574, 578 (Tex. Crim. App. 2013). In ***Burt***, the defendant complained that the trial court's reference to restitution[2] in his orally pronounced sentence was different from the sentence in the written judgment, which ordered payment of $591,785.00 in restitution, and that the amount in the written judgment improperly included losses from alleged victims who were not named in the indictment. *See id.* The court noted that the defendant could not have objected during the oral pronouncement because at that point, he could not have known that the sentence in the written judgment would be different from the orally pronounced sentence or that there might be an error in the amount of restitution. *See id.* Nor could he have known to

---

[1] Appellant makes no argument in support of his first issue. *See* TEX. R. APP. P. 38.1(i). However, the State argued that Appellant failed to preserve error, and we recognize that preservation of error is a systemic requirement that a first level appellate court should review on its own motion. *See **Mays v. State***, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009).

[2] In ***Burt***, the trial court previously discussed the matter of restitution with the parties. At the sentencing hearing, the trial court's only reference to restitution consisted of the statement, "The sooner we can get that restitution matter taken care of, the better." ***Id.*** at 576.

include restitution as an issue in his motion for new trial because the written judgment was not issued until after his motion for new trial was filed and heard. *See id.* Therefore, the court concluded that the defendant did not forfeit his challenge to the restitution order because it was impossible for him to raise the restitution issue to the trial court. *See id.*

In this case, on December 1, 2017, the trial court orally pronounced that the amount of restitution would be "left open" since the court had not yet received a response from the victims regarding the amount of restitution. At this point, if not before, Appellant was on notice that the trial court might order restitution. On December 20, 2017, the trial court signed an order amending the terms of Appellant's community supervision to order payment of four hundred dollars in restitution at a rate of fifteen dollars per month. Appellant learned of the restitution order on January 4, 2018.

In *Bailey v. State*, the appellant pleaded "guilty" to the charged offense, and the trial court imposed a ten-year sentence of community supervision. *See* 160 S.W.3d 11, 12 (Tex. Crim. App. 2004). The court scheduled a subsequent hearing to consider the matter of the state's request for restitution. *Id.* Following the hearing, the trial court amended the conditions of the appellant's community supervision to require payment of restitution to the victim. *Id.* The court of criminal appeals held that a sentence is not complete until restitution is imposed. *See id.* at 15–16. Thus, the time in which the appellant could file a notice of appeal or other postjudgment motion began on the date of the trial court's order requiring payment of restitution to the victim. *See id.* at 16. The court carefully noted that, despite the trial court's characterization of the order as an amendment to the conditions of community supervision, it was not a modification;[3] rather, the date restitution was ordered was the time at which sentencing was complete. *See Baily*, 160 S.W.3d at 16 n.4.

Therefore, in the instant case, Appellant's sentencing was complete on December 20, 2017, the date on which the trial court signed the order setting forth the amount of restitution. *See id.* (citing Tex. Code Crim. Proc. Ann. art. 42.01 § 1(25) (West 2018) (judgment should reflect statement of amount of restitution ordered)). Thus, when Appellant learned of the restitution order on January 4, 2018, he had ample opportunity to object or otherwise bring any complaint regarding

---

[3] A court of appeals lacks jurisdiction to consider an appeal from an order altering or modifying probationary conditions or an order refusing to alter or modify such conditions. *See id.* at 14 (citing *Basaldua v. State*, 558 S.W.2d 2, 6 (Tex. Crim. App. 1977)).

4

the restitution order to the trial court's attention. However, he failed to do so. Consequently, Appellant failed to preserve his challenge to the restitution order because he failed first to make his complaint in the trial court. *See* TEX. R. APP. P. 33.1; *Idowu*, 73 S.W.3d at 921; *see also Burt*, 396 S.W.3d at 578; *but see Burt v. State*, 445 S.W.3d 752, 759–60 (Tex. Crim. App. 2014) (when restitution not mentioned during sentencing hearing or pronouncement of sentence and restitution first ordered in written judgment, defendant has no notice and is incapable of objecting to restitution order); *Pruitt v. State*, No. 12-18-00343-CR (Tex App.–Tyler Sept. 4, 2019, no pet. h.) (mem. op., not designated for publication) (modifying judgment to conform to oral pronouncement of sentence where no reference made to restitution at sentencing). Appellant's first and second issues are overruled.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered September 4, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 4, 2019**

**NO. 12-18-00265-CR**

**JAMES ROBERTSON, IV,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1108-17)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*